### DETERMINED IN THE

# THIRD DEPARTMENT

#### AT

# GENERAL TERM,

## May, 1895.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WILLIAM SMITH, Appellant.

*Larceny — sufficiency of the complaint — witness seven years of age — Penal Code,*
*§§ 528, 532 — Code of Criminal Procedure, § 392.*

A complaint upon which a warrant of arrest for the crime of petit larceny was issued stated in substance that one William Smith, at the town of Mohawk, in the county of Montgomery, on the 29th day of September, 1894, did feloniously, willfully and knowingly violate sections 528 and 532 of the Penal Code, in that at said time and place he did take from the money drawer of deponent's store the sum of eight dollars in money, being lawful money of the United States of America.

*Held,* that the complaint was sufficient;

That the allegation that the money was taken from the money drawer of deponent's store was equivalent to an allegation that the money was taken out of the complainant's possession, and that as against a wrongdoer the complainant must be deemed to be the "true owner" of the money, within the language of section 528 of the Penal Code;

That where the complaint was not upon information and belief the question of jurisdiction was not affected by the fact that it subsequently appeared that the deponent's knowledge and information of the theft was derived from others;

That under section 392 of the Code of Criminal Procedure it was within the discretion of a magistrate to receive the sworn evidence of a child but seven years of age.

APPEAL by the defendant, William Smith, from a judgment and order of the Court of Sessions of Montgomery county, entered in the clerk's office of said county on the 3d day of December, 1894,

affirming his conviction, the judgment of conviction and sentence by a police justice of the town of Mohawk, for the crime of petit larceny.

*Clark L. Jordan,* for the appellant.

*Leonard F. Fish,* for the respondent.

MAYHAM, P. J.:

The complaint upon which the warrant against the defendant issued was in writing and under oath and was as follows: "That one William Smith, at the town of Mohawk, in the county of Montgomery aforesaid, on the 29th day of September, 1894, did feloniously, wrongfully, unjustly, unlawfully, wickedly, willfully, corruptly, falsely, maliciously and knowingly violate sections 528 and 532 of chapter 676 of the Laws of the State of New York, passed July 26, 1881, entitled ' An act to establish a Penal Code,' as amended 1882, 1883 and amendatory thereto, in that at the time and place aforesaid he did take from the money drawer of said deponent's store the sum of eight dollars in money, being lawful money of the United States of America, consisting of greenbacks or paper money, national or bank bills of the following denominations, to wit: One five-dollar bill, one two-dollar bill and two one-dollar bills."

Upon this complaint the magistrate issued his warrant on which the defendant was arrested and brought before him, and without the advice of counsel pleaded not guilty to the charge, whereupon the trial was adjourned until a future day, at which time the defendant appeared in person and by his attorney and objected in various ways to the form of the proceedings and to the jurisdiction of the magistrate, which objections were overruled.

The defendant then withdrew his plea of not guilty and asked and obtained permission of the court to cross-examine the complainant for the purpose of ascertaining whether or not the complaint was made on information and belief or on her own knowledge.

On the examination of the complainant by the defendant's counsel, it appeared that she left the store, with the money alleged to have been taken in the money drawer, with two or three people in the store when she left, but that the defendant was not at that

time in the store; that on her return she met the defendant going from the direction of the store, and that on going into the store she found that the money in question was not in the drawer.

That she did not see the defendant take the money, and all that she knew about it was what she was told by two persons in the store at the time.

On this proof the defendant's counsel moved for the discharge of the prisoner on the ground that the complainant had no personal knowledge of the statements contained in the complaint. That motion was denied, and the defendant thereupon entered a plea of not guilty. The case was tried before a jury, and at the conclusion of the People's evidence the defendant's counsel moved for the discharge of the prisoner and that the court direct a verdict of not guilty on the following grounds:

*First.* " That no crime has been established."

*Second.* " That no competent evidence has been produced showing that the defendant has committed any crime."

*Third.* " That the complaint nor the warrant nor the evidence does not show to whom the property claimed to have been stolen belonged."

*Fourth.* " That the ownership of the money in question is neither alleged or proven."

*Fifth.* " That the warrant of arrest in this case does not describe a crime, as required by law."

The court denied the motion, and the case was submitted to the jury, who found the defendant guilty.

The appellant now insists that the complaint, warrant and proof are insufficient to charge him with the commission of the crime of larceny, and that it was error on the part of the magistrate to refuse to direct the jury to find the defendant not guilty. The first point urged here is that the complaint on which the warrant issued was insufficient to give the justice jurisdiction, as the same was wholly on information and belief. An inspection of the complaint shows that the original information was positively stated and sworn to by the complainant and not on information and belief.

Clearly, that was in that respect sufficient to give the justice jurisdiction of the person and subject-matter, and authorized the issue of the process by him at the time of its issue by him.

But it is insisted that by the cross-examination of the complainant after the warrant was issued, and while the defendant was in custody under it before the magistrate, it appeared that her only knowledge was information derived from others, except the fact that the money alleged to have been stolen was in the money drawer when she left the store and was not there on her return, and that she met the defendant on her return to the store going in a direction from the store.

We think the facts known to her and sworn to by her were sufficient to establish the wrongful taking of the money by some person not entitled to the same; and the information disclosed by her on the cross-examination is, we think, a sufficient disclosure of her source of information to justify her in making the complaint.

No constitutional or legal right of the defendant was violated in issuing the warrant on the complaint or information in this case, unless the omission to state the name of the true owner of the money alleged to have been stolen renders the information, warrant, proof and conviction erroneous.

The Penal Code (§ 528) defines larceny as follows:

" A person who, with the intent to deprive or defraud the true owner of his property, or of the use and benefit thereof, or to appropriate the same to the use of the taker or of any other person, * * * steals such property, and is guilty of larceny."

I think for the purposes of this prosecution the allegation of taking the money out of the drawer of the complainant's store is equivalent to the charge of taking the money out of complainant's possession, and that as against a wrongdoer she must be deemed, within the language of the section above quoted, the true owner.

It is also urged that this conviction should be reversed for the reason that it was upon the unsupported evidence of a child under twelve years old, in violation of the provisions of section 392 of the Code of Criminal Procedure. The only witness who testified to the fact of the taking of this money by the defendant was the seven-year-old son of the complainant.

He was after an examination by the magistrate, in the exercise of the discretion given to him by that section of the Criminal Code, permitted to be sworn, and testified that the defendant took money from this drawer. In such case the judge or magis-

·trate is vested by that section with a discretion to swear the child or to receive his unsworn statement. In the exercise of that discretion he administered the oath to the boy and took his sworn testimony. That was not error, being the proper exercise of a discretion, but upon ·that evidence alone the defendant could not be convicted. Was he corroborated, so as to make his evidence competent to be considered by the jury?

We think he was. As to the question of the presence of the ·defendant, he is corroborated by the testimony of the clerk, who went while the defendant was there into the meat market, and also by the testimony of Norman and Orson Sweet. He was also corroborated upon the question of money being taken, by the complainant who missed the money immediately on her return to the store.

Upon all of this evidence a question of fact was presented, and the .jury upon such evidence having found that the defendant was guilty, we see no reason for reversal of the judgment of conviction entered upon this verdict.

PUTNAM and HERRICK, JJ., concurred.

Conviction affirmed.