# Supreme Court—Appellate Division, Fourth Department.

May, 1902.

## THE PEOPLE v. CHARLES O. MOSIER.

(73 App. Div. 5.)

1. INDICTMENT—RAPE.

Pending the trial of defendant upon an indictment for rape what purported to be another indictment was presented against defendant for the same offense, and an order was made directing that the first be superseded by the second. Held, that the so-called indictment was void *ab initio* and that the order was invalid and without authority and being made under a misapprehension and without knowledge of the facts, it was entirely competent for the court to correct the error and set the order aside.

2. SAME.

An indictment which charges that at a time and place specified, defendant "unlawfully and feloniously, with force and arms, in and upon Ruby Slaight, then and there being she, the said Ruby Slaight then and there not being the wife of him, the said Charles O. Morris, wilfully and feloniously did make an assault and did then and there, by forcibly overcoming her resistance and against her will, and without her consent, attempt to perpetrate an act of sexual intercourse with, contrary to the form of the statute in such case made and provided, and against the peace of the people of the State of New York and their dignity." Held, that it sufficiently charged defendant with having attempted to commit the crime of rape.

3. SAME—FELONIOUS INTENT.

Held that the allegation that the acts committed by the defendant were "feloniously" done is sufficient to charge him with having "intended" to attempt to commit rape.

APPEAL by the defendant, Charles O. Mosier, from a judgment of the County Court of Monroe county in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 25th day of November, 1901, upon the verdict of a jury convicting the defendant of the crime of attempting to commit rape, also from an order entered in said clerk's office on the 22d day of November, 1901, denying the defendant's motion for a new trial made upon the minutes, also from an order entered on the 25th day of November, 1901, denying his

motion in arrest of judgment, also from an order made by the said County Court overruling the defendant's demurrer to the indictment upon which he was convicted, vacating an order theretofore granted in the action which declared such indictment superseded by a second indictment and reinstating such indictment, and also from an order of the Supreme Court, bearing date the 29th day of October, 1901, sending both of such indictments to the County Court for trial.

George M. Williams, for the appellant.

Howard H. Widener, for the respondent.

McLENNAN, J.: The defendant was convicted of having attempted to commit the crime of rape upon one Ruby Slaight at the town of Greece, in the county of Monroe, on the 14th day of July, 1901, and sentenced to the State's prison at Auburn for the term of ten years. No question is raised by defendant's counsel as to the sufficiency of the evidence to support a conviction or in any manner as to defendant's guilt upon the merits. All the questions presented by the appeal relate to the sufficiency of the indictment and the proceedings had prior to the trial.

The defendant was indicted by the grand jury of Monroe county at a Trial Term of the Supreme Court held in and for said county in October, 1901. That indictment is called in the record No. 31. On the 10th day of October, 1901, by an order made at said Trial Term of the Supreme Court, the indictment was sent to the County Court. Thereafter defendant demurred to the indictment, and, after hearing his counsel and the district attorney, the County Court, on October 19, 1901, made an order overruling the demurrer. The defendant was thereupon arraigned, pleaded not guilty, and his trial was set down for November 4, 1901, by order of the County Court. Thereafter and on the 29th day of October, 1901, while the

grand jury was still in session, what purported to be another indictment was presented against the defendant for the same offense, which paper is called in the record indictment No. 48. It was regular in form, was signed by the district attorney, was indorsed " A True Bill " by the foreman of the grand jury, and was, by order of the Supreme Court made the same day, sent to the County Court.   On the 30th day of October, 1901, the County Court made an order directing that the first indictment, presented October 10, 1901, be superseded by the alleged indictment presented October 29, 1901.   Thereafter and on the 6th day of November, 1901, upon the defendant's affidavit verified on that day, an application was made on his behalf to dismiss the alleged indictment No. 48, for the reason that it was void, because no vote had been taken by the grand jury as to whether it should be found or not, or any action taken by the grand jury in regard to it.   The district attorney, who appeared upon the application, conceded such to be the fact, and the County Court thereupon made an order declaring said alleged indictment No. 48 " to be void and nugatory, the same never having been found or voted upon or considered by the grand jury; " and it was further ordered " that the indictment found and presented October 10, 1901 (No. 31), be and the same is hereby reinstated and established, with the same force and effect as though the same had not been declared to be superseded by the said alleged indictment of October 29, 1901, and that the trial proceed thereon, and the order of October 30, 1901, declaring said indictment No. 31 to be superseded is hereby vacated and set aside."

The defendant was then put upon his trial under indictment No. 31, the one first found by the grand jury, with the result that he was convicted of the crime as therein charged.

It is urged by appellant's counsel that the order of the County Court which assumes to reinstate the first indictment, or No. 31, is void, and, therefore, that the indictment upon which the defendant was tried was in fact dead and had no force or

validity.    The contention is untenable.    Concededly, the so-
called second indictment was void *ab initio;* it was not merely
irregular or voidable; it never had any valid existence.    The
foreman of the grand jury or the district attorney, or both
combined, had no power to find or present a valid bill of indict-
ment, and any attempt on their part in that regard, whether
the result of design or inadvertence, was wholly ineffectual.    It
appearing by the affidavit of the defendant, and the fact being
conceded, that the grand jury did not find or authorize the so-
called second indictment, it was absolutely void and had no
force or effect for any purpose.    The learned County Court,
in making the order appealed from, was in no sense in the
attitude of determining upon which of two indictments for the
same offense the defendant should be tried.    In that regard the
court simply determined that which was admittedly true upon
the conceded facts, that only one indictment had been found
against the defendant by the grand jury for the offense with
which he was charged.    If the grand jury had found a second
indictment for such offense, then under the law (2 R. S. 726,
sec. 42) such second indictment would supersede and take the
place of the first indictment, but in this case no second indict-
ment was found.    The order of the County Court which de-
clared that the first indictment was superseded by the second
was invalid and without authority; was made under a mis-
apprehension and without knowledge of the facts, and we
think it was entirely competent for the County Court to correct
the error and to set aside the order so made by it, especially
when the defendant was before the court insisting that the
second alleged indictment was void.

Appellant's counsel also contends that the first indictment
and the one upon which the defendant was tried is bad because,
as it is claimed, it failed to allege criminal intent or to name
the crime charged, and, therefore, that the demurrer should
have been sustained.    The indictment charges that at a time
and place specified, the defendant " unlawfully and feloniously,

with force and arms, in and upon one Ruby Slaight, then and there being she, the said Ruby Slaight, then and there not being the wife of him, the said Charles O. Mosier, wilfully and feloniously did make an assault and did then and there, by forcibly overcoming her resistance and against her will and without her consent, attempt to perpetrate an act of sexual intercourse with, contrary to the form of the statute in such case made and provided, and against the peace of the people of the State of New York and their dignity." The indictment charges the defendant with having done everything necessary to constitute the crime of rape, as defined by section 278 of the Penal Code, except the act of having sexual intercourse with the complainant. It alleges that he wilfully and feloniously assaulted her, and attempted against her will and without her consent, to have sexual intercourse with her by forcibly overcoming her resistance. Clearly, the indictment charges the defendant with having attempted to commit the crime of rape.

Section 34 of the Penal Code provides: "An act done with intent to commit a crime, and tending but failing to effect its commission is an attempt to commit that crime."

Section 686 of the Penal Code provides: "A person who unsuccessfully attempts to commit a crime is indictable and punishable . . . by imprisonment for not more than half of the longest term . . . prescribed upon a conviction for the commission of the offense attempted . . . "

This is precisely what was done in this case. The defendant unsuccessfully attempted to commit the crime of rape, and for that attempt he was convicted and sentenced. It is unimportant that the crime with which the defendant was charged is not, technically speaking, correctly named in the indictment. All the acts constituting the crime and no others are set out in such manner that there can be no doubt as to the crime intended to be charged, and the one actually charged.

It is urged that the indictment is bad because it fails to allege

that the defendant " intended " to attempt to commit rape; in other words, that the indictment ought not only to charge, as it does, that the defendant wilfully and feloniously assaulted the complainant, overcame her resistance, attempted against her will and without her consent to have sexual intercourse with her, but, in addition, that he intended to do those acts. We think the allegation that the acts committed by the defendant were " feloniously " done is sufficient answer to the criticism of the indictment in that regard.

In People v. Conroy (97 N. Y. 68), the court said: " It has never been required, under the strictest and most technical rules of pleading, that the particular intent with which a homicide was committed should be set forth in the indictment, but it has uniformly been deemed sufficient to allege it to have been done feloniously, with malice aforethought, and contrary to the form of the statute."

The use of the word " feloniously " has been uniformly held to be a sufficient averment of the intent necessary to constitute the crime. (People v. Willett, 102 N. Y. 253; Phelps v. People, 72 id. 334.)

Under section 285 of the Code of Criminal Procedure, an indictment is good if it contains sufficient averments to inform the defendant of the nature of the accusation against him, to prepare for his defense, and to admit the record as a bar to a second prosecution for the same offense. (People v. Willis, 158 N. Y. 392.)

The indictment in this case answered these requirements in every respect, and we, therefore, conclude that the demurrer was properly overruled.

If follows that the judgment, conviction and orders appealed from should be affirmed.

SPRING, WILLIAMS, HISCOCK and DAVY, JJ., concurred.

Judgment, conviction and orders appealed from affirmed, and case remitted to the County Court of Monroe county, pursuant to section 547 of the Code of Criminal Procedure.