PATTERSON, P. J., and McLAUGHLIN and LAUGHLIN, JJ., concur. HOUGHTON, J., concurs on first ground only.

---

### PEOPLE v. GOLDBERG et al.

(Supreme Court, Appellate Division, First Department. April 10, 1908.)

1. CRIMINAL LAW—EVIDENCE—SUFFICIENCY.

     In a trial for violating Pen. Code, § 675, by annoying and interfering with a street car passenger by jostling him, etc., the prosecution's failure to call the passenger as a witness did not require an acquittal.

2. DISORDERLY CONDUCT—INFORMATION—ISSUES.

     That the evidence in a trial for violating Pen. Code, § 675, by annoying and interfering with a street car passenger by jostling him, etc., warranted a conviction of an attempt to rob, does not warrant a reversal of a conviction of the offense charged.

3. SAME—EVIDENCE—SUFFICIENCY.
　　Evidence *held* to sustain a conviction of violating Pen. Code, § 675, by disorderly acts interfering with a street car passenger.

Appeal from Court of Special Sessions of City of New York.

Julius Goldberg and another were convicted of violating Pen. Code, § 675, by annoying and interfering with another by disorderly acts, etc., and they appeal. Affirmed.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

Louis Spiegel, for appellants.

Robert S. Johnstone, Deputy Dist. Atty., for the People.

INGRAHAM, J. The defendants were tried upon an information filed by the district attorney charging them with unlawfully and by offensive and disorderly acts willfully annoying and interfering with a certain person, to the district attorney unknown, upon a street car in West Forty-Second street, in the city of New York, in that they did then and there willfully crowd, jostle, and feel the pockets and the clothing of the said person. Upon the trial a police officer testified that on the 3d day of September, 1907, he saw the three defendants get off a west-bound car about 50 feet west of Seventh avenue in Forty-Second street; that the defendant Goldberg went to the south side of Forty-Second street; that the defendants Green and Solomon stood on the other side of Forty-Second street, and then walked to Seventh avenue; that Green walked to the corner of Forty-Second street, Solomon stood about five feet away, and Goldberg was between them; that Goldberg pointed his thumb towards a stout German; that as this German started to get on the car Goldberg was immediately behind him, and Green and Solomon were alongside of him; that as this German attempted to get on the step of the car Solomon got on one side of him and Green on the other, and blocked the man's way; that Goldberg then put his hand on the man's hip pocket, the two other defendants being close to the man, one on each side of him; that the policeman got hold of Goldberg, when Solomon ran through the car, and got off upon the front platform, and, two bicycle policemen being on hand, they chased him and arrested him; that the German was much excited and went into the car, and, the police officers having all they could do to keep their prisoners, they were unable to get hold of him. Green was called as a witness. He denied having known either of the other defendants; denied having blocked the German's way into the car, and denied having jostled, pushed, or annoyed the man in any way. He also testified that neither of the other defendants jostled, pushed, or annoyed the German in any way. The court convicted all three defendants, sentenced Goldberg and Solomon to one year in the penitentiary, and discharged Green on parole.

Section 675 of the Penal Code provides that:

"Any person who shall by any offensive or disorderly act or language, annoy or interfere with any person or persons in any place or with the passengers of any public stage, railroad car, ferry boat, or other public conveyances, * * * although such act, conduct or display may not amount to an assault or battery, shall be deemed guilty of a misdemeanor."

The evidence of the police officer clearly justified a finding that these three defendants were united in an attempt to pick the pocket of the German as he entered the street car. Two of them got in front of him, interfering with his getting on the car, while the third felt his pocket. The failure of the people to call the passenger interfered with did not require the court to acquit. Upon proof beyond a reasonable doubt, the court was justified in convicting the persons charged with the crime, regardless of the nature of the proof, so long as it is admissible according to the rules of evidence. It is quite probable that the German getting on the car, trying to get through the crowd on the platform, would not have noticed that either of the defendants intentionally got in his way to make his entrance to the car more difficult. The police officer who was watching the men was in a position to see just what they did, and his testimony, if believed, leaves no doubt of what the defendants were doing. If the defendants could have been convicted of an attempt to commit robbery, the fact that the district attorney saw fit to prosecute them for a lesser crime is certainly no reason that a conviction for the lesser crime should be reversed. It is clear that, if the defendants did what the police officer swears they did, they were united in a common attempt to pick the German's pocket, and, to accomplish that result, two of them attempted to interfere with him in getting on the car, and while he was endeavoring to crowd his way through the third attempted to get at his pocket to abstract whatever there was, and were guilty of a disorderly act which interfered with a person getting on the car, and was within the section of the Penal Code cited.

The defendants were therefore properly convicted, and the judgment appealed from should be affirmed. All concur.