### PEOPLE v. GROTE.

(Bronx County Court. May 12, 1915.)

1. CRIMINAL LAW ☞207—JURISDICTION OF MAGISTRATE—BINDING OVER FOR TRIAL.

Where an information charges accused with a specific crime, the magistrate must conduct an inquiry to ascertain whether there is reasonable ground to believe that the crime has been committed and that accused is guilty, and where he so finds accused must be held for trial.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 414, 418, 440, 472–475; Dec. Dig. ☞207.]

2. CRIMINAL LAW ☞252—INFERIOR CRIMINAL COURTS—JURISDICTION—OFFENSES.

An affidavit and complaint, alleging that accused used threatening, abusive, and insulting behavior with intent to provoke a breach of the peace, and whereby a breach of the peace might be occasioned, and that he then and there annoyed deponent, pointing a revolver at her and threatening her with bodily harm, charge disorderly conduct within the jurisdiction of a magistrate, within Greater New York Charter (Laws 1901, c. 466) §§ 1408, 1409.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 526–536; Dec. Dig. ☞252.]

3. CRIMINAL LAW ☞260—SUMMARY CONVICTION—APPEAL.

Accused, convicted before a magistrate of disorderly conduct under a complaint and affidavit charging him with threatening, abusive, and insulting behavior with intent to provoke, and calculated to occasion, a breach of the peace, and with pointing a revolver at deponent and threatening her with bodily harm, cannot complain that the charge made was of carrying and using a dangerous weapon, under Penal Law (Consol. Laws, c. 40) § 1897, which is a felony, or the misdemeanor of pointing a firearm at another without malice, under section 1906, and that the magistrate could only hold an examination, and hold him for trial, and had no jurisdiction to try him for disorderly conduct.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 567–609; Dec. Dig. ☞260.]

Appeal from Magistrate's Court.

Charles Grote was convicted in the Magistrate's Court of disorderly conduct, and appeals. Affirmed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Willoughby Dobbs, of New York City, for appellant.
Francis Martin, Dist. Atty., of New York City, for the People.

GIBBS, J. This is a reargument of an appeal from a judgment of conviction in the Magistrate's Court which was heretofore affirmed without opinion. Counsel for the appellant on the reargument has called my attention to authorities not heretofore cited. I have examined these authorities with great care, but I am unable to find that they are in support of his contention that the magistrate was without jurisdiction to find the defendant guilty of disorderly conduct. The defendant was arraigned before one of the city magistrates on affidavit and complaint of one Helen Siliano, who charged him with having used threatening, abusive, and insulting behavior on the 29th day of January, 1915 (to use the language contained in complaint), with intent to provoke a breach of the peace, and whereby a breach of the peace might be occasioned; that said defendant did then and there annoy deponent, pointing a revolver at deponent and threatening her with bodily harm. After due hearing and examination, the defendant was convicted of disorderly conduct, and sentence of five months in the workhouse imposed upon him.

It is conceded that the foundation of the magistrate's jurisdiction lies in the affidavit or information laid before him, but it is now contended by the defendant that the complaint charged him with a specific crime, to wit, the carrying and using of a dangerous weapon under section 1897 of the Penal Law, which is a felony, or with a misdemeanor, defined under subdivision 2 of section 1906 of the Penal Law, referring to the pointing of a firearm at another without malice. The defendant argues that the complaint charged him with the commission of a crime, and that it was therefore the duty of the magistrate to make inquiry pursuant to the Code of Criminal Procedure, and not to try him for disorderly conduct.

[1, 2] It is settled law that, where the information charges the defendant with the commission of a specific crime, the magistrate is under a duty to conduct an inquiry for the purpose of ascertaining whether there is reasonable ground to believe that the crime has been committed, and the defendant is guilty of the same, and, if it so satisfies the magistrate, to hold and remand the defendant for trial. In this case, however, the defendant was not charged with the commission of any specific crime, but clearly with conduct constituting the offense of disorderly conduct tending to a breach of the peace, and whereby a breach of the peace might be occasioned. The pointing of the pistol and the threat of bodily harm is referred to merely as the conduct which did then and there annoy the complaining witness and was calculated to occasion a breach of the peace. In the light of the complaint and its language, I am satisfied that the magistrate had jurisdiction to try the defendant and to impose the sentence as provided for in the Consolidated Act. Sections 1408 and 1409 of the Greater New York Charter (Laws of 1901, c. 466).

[3] The magistrate had a right to determine from the complaint and the evidence before him that the conduct of the defendant was contrary to law and constituted one of the minor offenses cognizable by

him as a police magistrate. The discretion vested in a magistrate to so determine cannot be questioned, and rests upon good public policy and sound experience in the enforcement of law and order in this city. For illustration, it frequently happens that violence is used against peaceful, law-abiding persons upon the public highway, yet the evidence before the magistrate does not measure up to the required standard constituting assault in any of its degrees. Under those circumstances, the person charged with using violence unlawfully against another is subject to the charge of disorderly conduct, and for which he may be tried and convicted in the Magistrate's Court. In the light of the facts in this case it seems to me most extraordinary that the defendant should find fault with the court because he was proceeded against for a lesser offense than a felony or a misdemeanor.

The learned Presiding Justice of the Appellate Division of this department made comment in a somewhat similar situation in People v. Solomon, 125 App. Div. 429, 109 N. Y. Supp. 906, where several defendants were found guilty in the Court of Special Sessions, under section 675 of the Penal Code, which was a misdemeanor, and where it was argued that the defendants, if they were guilty of any crime at all, were guilty of an attempt to commit grand larceny; Justice Ingraham saying for the court:

"If the defendants could have been convicted of an attempt to commit robbery, the fact that the district attorney saw fit to prosecute them for a lesser crime is certainly no reason that a conviction for the lesser crime should be reversed."

I therefore do not find any substantial ground from the record before me why this conviction should be disturbed. It follows that the motion for a reargument must be denied, and the judgment of conviction affirmed.