PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. HARRY SLAFFORD, Defendant.

Supreme Court, Monroe Special Term, May 20, 1924.

Crimes — defendant surrendered himself and gave bail but was neither arraigned nor put upon trial — defendant not in legal jeopardy under State Constitution, art. I, § 6, warranting dismissal of second indictment.

A legal jeopardy under section 6 of article I of the New York State Constitution warranting the dismissal of a second indictment under the same facts does not exist where the defendant surrendered himself under the first indictment, gave bail and made a motion to inspect the grand jury minutes but was not arraigned, did not plead and was not put upon trial.

MOTION to dismiss indictment and to inspect the minutes of a prior indictment based upon the same facts.

James D. Harris, for the motion.

William F. Love, district attorney, opposed.

RODENBECK, J.   The statute provides that when two indictments are found against a defendant, the second indictment shall supersede

the first, which shall be set aside. Code Crim. Pro. § 292a. This section is subject to the constitutional provision that a defendant shall not be twice put in jeopardy (N. Y. Const. art. 1, § 6; 22 Cyc. 223), but he is not so placed until he has been arraigned, pleaded and a jury impanelled and sworn. *People* v. *Rosenthal,* 197 N. Y. 394, 401; *People* v. *Fisher,* 14 Wend. 9; *People* v. *Mosier,* 73 App. Div. 5; Whart. Crim. Pl. & Pr. (8th ed.) § 490; 16 C. J. 232, § 359; 236, § 363; 237, § 364. No such situation exists in this case, the defendant merely surrendering himself, giving bail and moving to inspect the grand jury minutes, and it cannot be said that the plea of a double jeopardy applies and that the second indictment is a nullity. Even where a jury disagrees, the defendant may be retried before another jury. *People* v. *Goodwin,* 18 Johns. 187. The motions to set aside the second indictment and for an inspection of the minutes of the first indictment are denied.

Ordered accordingly.