THE PEOPLE OF THE STATE OF NEW YORK ex rel. MAX GIEIR, Relator, v. JOSEPH A. MCCANN, as Warden of the Workhouse, Borough of Manhattan, Respondent.

Supreme Court, New York County, March 1, 1926.

Crimes — sentence — conviction of disorderly conduct, jostling, under Penal Law, § 720, is tantamount to adjudication of disorderly conduct " tending to a breach of the peace " within meaning of Parole Commission Law — sentence of relator under said law to workhouse for indeterminate term not exceeding two years upon conviction of disorderly conduct by jostling under Penal Law, § 722, subd. 6, proper.

Convictions for disorderly conduct, jostling, under section 720 of the Penal Law between 1913 and 1924, are tantamount to an adjudication that defendant was guilty of disorderly conduct " tending to a breach of the peace " as that phrase is used in the Parole Commission Law (Laws of 1915, chap. 579, as amd. by Laws of 1916, chap. 287).

39

Accordingly, the relator, upon conviction of disorderly conduct under subdivision 6 of section 722 of the Penal Law, was properly sentenced by a city magistrate under the provisions of the Parole Commission Law (Laws of 1915, chap. 579, as amd. by Laws of 1916, chap. 287) to an indeterminate term of imprisonment in a workhouse not exceeding two years as authorized by that law, where it is conceded that between 1913 and 1924 said relator had been convicted at least three times for disorderly conduct by jostling.

HABEAS CORPUS proceeding challenging validity of sentence by city magistrate under the Parole Commission Law.

*K. Henry Rosenberg,* for the relator.

*Joab H. Banton, District Attorney* [*Michael J. Driscoll, Deputy Assistant District Attorney,* of counsel], for the respondent.

LEVY, J. The relator under a writ of habeas corpus challenges the validity of his sentence upon a conviction for disorderly conduct pursuant to section 722, subdivision 6, of the Penal Law (added by Laws of 1923, chap. 642, as amd. by Laws of 1924, chap. 476). Upon his plea of guilty he was sentenced by a city magistrate under the authority of the Parole Commission Law (Laws of 1915, chap. 579, as amd. by Laws of 1916, chap. 287) to an indeterminate term of imprisonment in the workhouse not exceeding two years.

It is urged on his behalf that the limit of the magistrate's jurisdiction under section 723 of the Penal Law (as added by Laws of 1923, chap. 642) was a sentence of six months, and that the authority of the Parole Commission Law was, therefore, illegally invoked. The latter provides that where it shall appear through competent evidence " that any person convicted of [vagrancy, disorderly conduct tending to a breach of the peace * * *] has been convicted of any or each of these offenses two or more times during the twenty-four months just previous, or three or more times previous to that conviction, then the court shall sentence such offender to a workhouse of the said department of correction in said city for an indeterminate period. The term of imprisonment * * * shall not exceed two years * * *" (Laws of 1915, chap. 579, § 4, as amd. by Laws of 1916, chap. 287.)

It is not disputed that the relator was convicted three or more times between 1913 and 1924 of " disorderly conduct, jostling." But the claim is made that this is not sufficient evidence of his conviction of " disorderly conduct tending to a breach of the peace," previous convictions for which said crime are necessary in this instance to set in motion the provisions of the Parole Commission Law. The relator's point is a highly technical one and does not seem to be well founded. His conviction of disorderly conduct for jostling was tantamount to an adjudication that he

was guilty of disorderly conduct tending to a breach of the peace. The crime of disorderly conduct was not newly created in 1923 by section 722. This section and sections 723 to 725 following, were only supplemental to sections 720 and 721 of the Penal Law included under " Article 70. Disorderly Conduct." It is true that they were limited in their application to cities of 500,000 inhabitants and over, but some of the offenses therein enumerated, such as subdivision 6 of section 722, disorderly conduct by jostling, were already covered by section 720, the title of which is " Disorderly Conduct on Public Conveyances."

In fact, in *People* v. *Solomon* (125 App. Div. 429), the defendants were convicted under section 675 of the Penal Code (now section 720 of the Penal Law) for jostling, and the very relator was thus convicted in 1913 and 1921 for the same species of disorderly conduct. His conviction at that time, which was prior to the passage of the 1923 additions to the Penal Law, was presumably under section 720. A consideration of the particular offense of jostling clearly indicates that it is disorderly conduct tending to a breach of the peace. It cannot be otherwise, for jostling is a well-recognized device adopted by pickpockets and their confederates to enable them to ply their nefarious activities to the greatest advantage. Even if the court should not take judicial notice of the connotation of that term, the relator's previous convictions under section 720 clearly establish his previous guilt of disorderly conduct tending to a breach of the peace. As was said in *People ex rel. Frank* v. *Davis* (80 App. Div. 448) in commenting upon the law on this point prior to 1923: " Disorderly conduct, in the abstract, does not constitute any crime known to the law; it is only when it ' tends to a breach of the peace ' under the circumstances detailed in section 1458 of the Consolidation Act [Laws of 1882, chap. 410], that it constitutes a minor offense cognizable by the police magistrates of the city of New York, and when it in fact threatens to disturb the peace it is a misdemeanor as well under section 675 [now 720 of the Penal Law] of the Penal Code as at common law * * *." From this decision the inference clearly appears that section 720 of the Penal Law covers offenses which in fact *threaten to disturb the peace,* and as such are more grievous than those which merely *tend to disturb* the peace. The relator was convicted of the more serious offense on at least two previous occasions, and on the third, in 1924, he was convicted of a crime which is not less grievous than the one punishable under section 722, subdivision 6, and which must be deemed as one tending to disturb the peace.

There having been three previous convictions of the defendant

for disorderly conduct which either tended or in fact threatened to disturb the peace, the relator was properly punished by an indeterminate sentence under said Parole Commission Law. The writ is accordingly dismissed.