THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* FRANK KNAPP, Appellant.

County Court, Chenango County, July 17, 1934.

*Frank W. Barnes*, for the appellant.

*Glenn F. Carter, District Attorney*, for the respondent.

BROWN, J. The defendant has been convicted on his plea of guilty in a Court of Special Sessions of the town of Pitcher, Chenango county, of the crime of petit larceny. He appeals to this court, challenging the judgment of conviction, principally upon the ground that the information upon which the warrant was issued was insufficient. It is his contention that there is no allegation in the information that charges the offense to have been committed with criminal intent.

The information upon which the warrant was issued is as follows:

" STATE OF NEW YORK ⎫
  COUNTY OF CHENANGO, ⎬ *ss.*:
  TOWN OF PHARSALIA. ⎭

" Be It Remembered, That I, Ross Brown, residing in the Town of Pharsalia, County of Chenango, N. Y., now come before L. D. Greenleaf, Esq., a Justice of the Peace of Pharsalia in the County of Chenango, N. Y., and give information under oath as follows:

" That one Frank Knapp and George Brazee, on the 30 day of May, 1934, at the Ross Brown, in the Town of Pitcher, County of Chenango, N. Y., at about Three O'clock in the afternoon of said day, did commit the crime of Petit Larceny against the [person or]* property of Ross Brown by [feloniously]* wrongfully, unlawfully, willfully [corruptly, falsely]* maliciously and knowingly steal and carry away one hay rope 175 feet long, & 4 buggy wheels, 2 engine fly wheels, 2 mowing machine wheels to value of $50.00 without authority or permission of owner.

" Wherefore, your informant prays that the depositions of informant........and....................................... witness, may be reduced to writing and duly subscribed, and that a warrant issue for the arrest of said accused, and that he be dealt with pursuant to the provisions of the Code of Criminal Procedure.

                                    " ROSS B. BROWN,
                                        " *Complainant.*

" Sworn to before me, this ⎱
  13th day of June, 1934. ⎰

        " L. D. GREENLEAF,
            " *Justice of the Peace,*
                " *Town of Pharsalia.*"

By pleading guilty to the charge made against him, the defendant did not waive the right to attack the sufficiency of the information

---

\* Words in brackets deleted.

and may, on this appeal, challenge the jurisdiction of the Court of Special Sessions. (*People* v. *Rosenkrantz*, 123 Misc. 335; *People* v. *Lindner*, 133 id. 728.)

" The information is the allegation made to a magistrate, that a person has been guilty of some designated crime." (Code Crim. Proc. § 145.) To be sufficient, an information must be directed against some person and must mention and specify some particular crime. It is the basis upon which a magistrate is authorized to act in issuing a warrant and in proceeding thereon. (*McKelvey* v. *Marsh*, 63 App. Div. 396.) It performs the function of an indictment, although it need not be framed with the exactness of such a pleading. It has been said that " an indictment is good if it contains sufficient averments to inform the defendant of the nature of the accusation against him, to prepare for his defense, and to admit the record as a bar to a second prosecution for the same offense." (*People* v. *Mosier*, 73 App. Div. 5.) An information should contain sufficient statements and allegations to inform the magistrate that a designated crime has been committed. (*People* v. *Wacke*, 77 Misc. 196; *People ex rel. N. Y. Disposal Corp.* v. *Freschi*, 173 App. Div. 189.) In this case the information charges the defendant with committing the crime of petit larceny and further alleges that he committed such crime " by wrongfully, unlawfully, willfully, maliciously and knowingly steal and carry away " certain personal property. Here is a positive charge made against the defendant of the commission of a designated crime. Larceny is committed by a person who, with the intent to deprive or defraud the true owner of his property, takes from the possession of the true owner or of any other person, personal property. (Penal Law, § 1290.)

To constitute larceny there must be a criminal intent. The, information in this case charged that the defendant not only wrongfully, unlawfully and willfully but maliciously carried away the personal property belonging to the complainant and stole the same. Webster defines the word " malicious " as: " 3. Law. Characterized by, or involving, malice; having, or done with, wicked or mischievous intentions or motives; wrongful and done intentionally without just cause or excuse;" and " maliciously " as: " In a malicious spirit or manner. Wrongful acts done with intention are in English law often said to be done maliciously." As applied in criminal law, the word " maliciously " means " intentionally doing an act." (4 Words & Phrases.)

In Bouvier's Law Dictionary the word is defined as " with deliberate intent to injure."

" The act is malicious when the thing done is with the knowledge of plaintiff's rights and with the intent to interfere therewith. In a

legal sense it means a wrongful act, done intentionally, without just cause or excuse. * * * It does not mean actual malice or ill-will, but consists in the intentional doing of a wrongful act without legal justification." (*Lamb* v. *Cheney & Son*, 227 N. Y. 418, 422.)

In the present case the criminal intent is shown by the use of the word " maliciously " and it would appear that an act done maliciously denotes a criminal intent. When the defendant pleaded guilty to the crime of petit larceny charged in the information, he must have known to what crime he was entering a plea, for not only was he charged with maliciously carrying away the property but he was also charged with stealing the same. If it can be argued that the use of the word " steal " is the statement of a conclusion rather than a fact, nevertheless I think we are bound to give to that word, as used in the information, its accepted meaning. In common law and legal parlance, " steal " means " felonious taking and carrying away personal goods of another." (4 Words & Phrases, 689.) The defendant could not have been misled in any way to his prejudice by this information at the time of entering his plea of guilty. It plainly informed him that he was charged with the crime of petit larceny, a crime definitely described in the Penal Law. It informed him that he committed the crime by wrongful and unlawful means and " maliciously." Counsel for the appellant contends that the information should have contained a statement " that he took the property with intent to defraud." The " intent to deprive or defraud " is implied in the charge that the defendant " maliciously " carried away the property.

The case of *People ex rel. Perkins* v. *Moss* (187 N. Y. 410), relied upon by appellant's counsel, arose under an entirely different state of facts than those presented here. In that case one of the depositions filed with the magistrate identified a letter written by the relator in which he asserted, concerning the alleged crime, that he had no intent other than to serve the interests of the corporation which it was claimed he defrauded, and the majority opinion held that such letter denying any wrongful intent was " a part of the evidence used to make out the charge " and that " it was equivalent to his examination." That case is authority that the intent as used in the penal statute must be felonious. In the instant case the criminal intent is shown by the use of the word " maliciously." In the printed form of information used the word " feloniously " was deleted. The information, other than the printed part, apparently was prepared by a layman. The reason for the deletion of this word does not appear. It is possible in the mind of the draftsman that the word was associated with the crime of a felony as distinguished

from a misdemeanor, the crime involved here, and for that reason was deleted. Whatever may have been the reason, nevertheless the defendant was charged with having " maliciously " committed the wrongful act and a criminal intent is implied. It was not necessary to use the word " feloniously " in order to impute a criminal intent. Webster gives the definition of " felonious " as " malicious, villainous, traitorous." The word has the same meaning as " maliciously." (Bouvier Law Dict.) Alleging an act to have been done " maliciously " is equivalent to stating it as having been done " feloniously."

In my opinion, the information is sufficient and conferred jurisdiction on the magistrate. (*People* v. *Smith*, 86 Hun, 485; *People* v. *Ostrosky*, 95 Misc. 104.) Judgment of conviction is affirmed, without prejudice, however, to an application at some subsequent time for the remission of the fine imposed.