THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ROBERT SCUTT, Appellant.

County Court, Schoharie County, July 9,. 1936.

*Bingham & Johnson,* for the appellant.

*J. Ernest Wharton, District Attorney,* for the respondent.

GOLDING, J. The defendant appeals from his conviction of the crime of petit larceny upon his plea of guilty and a fine of $100. A reversal of his conviction is urged upon the grounds that the complaint was on information and belief, the value of the property not sufficiently stated and the court had no jurisdiction to impose a fine of $100. The information states positively that " on the 15th to 25th day of September, 1935, the defendant did commit the crime of petit larceny in violation of Section 1298 of the Penal Law against the person or property of Amos Scutt by feloniously, wrongfully, unlawfully, wilfully, maliciously and knowingly taking from the possession of the true owner, a gasolene engine worth in the neighborhood of one hundred dollars."

This information states that the defendant is guilty of a designated crime — petit larceny. It performs the function of an indictment but need not be framed with the same exactness. It contains sufficient to and did inform defendant of the nature of the crime charged against him. He could have prepared for trial and admit the record as a bar to a second prosecution for the same offense. (*People* v. *Mosier,* 73 App. Div. 5; *People* v. *Knapp,* 152 Misc. 368; affd., 242 App. Div. 811.)

The defendant is charged with the commission of the crime of " maliciously and knowingly taking from the possession of the true owner, a gasolene engine worth about one hundred dollars."

Larceny is committed by a person who, with intent to deprive or defraud the true owner of his property, or the use and benefit thereof, or to appropriate the same to the use of the taker, or any other person. (Penal Law, § 1290.)

The information states such taking was done maliciously, which means " intentionally doing an act." (*People* v. *Knapp,* 152 Misc. 368.)

Black's Law Dictionary (3d ed., p 1148), defines a malicious act as " a wrongful act intentionally done without legal justification or excuse; an unlawful act done wilfully or purposely to injure another."

The defendant's confession, signed by him and filed with the return, admits that he and others removed from the barn or farm of Amos Scutt a gasolene engine and removed it to another farm. This information alleges facts sufficient to constitute the crime of petit larceny. The defendant claims the information stated he committed a crime from the " 15th to 25th of September, 1936," but the justice's return states the year as 1935. The court is bound by the return on appeal. (*People* v. *Newman*, 137 Misc. 267, 269; *People* v. *Decker*, 156 id. 156.)

Concede the information was not carefully drawn. It states an act done by defendant which constitutes the crime charged. By his plea of guilty, failing to take an exception, he waived any defects. (*People* v. *Decker*, 156 Misc. 156, and cases cited.)

The defendant also claims if he is guilty of any crime it may be a more serious one than that of which he was convicted and the Court of Special Sessions had no jurisdiction. This court had jurisdiction over misdemeanors. The defendant plead guilty and was convicted of a misdemeanor. The magistrate determined the crime was petit larceny. He had had much experience in criminal cases. He had the right to determine from the complaint what the offense was and it was triable by him.

In *People* v. *Grote* (153 N. Y. Supp. 631; affd., 170 App. Div. 898) the court said: " The magistrate had a right to determine from the complaint and the evidence before him that the conduct of the defendant was contrary to law and constituted one of the minor offenses cognizable by him as a police magistrate. The discretion vested in a magistrate to so determine cannot be questioned, and rests upon good public policy and sound experience in the enforcement of law and order in this city." The court also said in this case: " In the light of facts in this case it seems to me most extraordinary that the defendant should find fault with the court because he was proceeded against for a lesser offense than a felony or a misdemeanor."

In *People* v. *Solomon* (125 App. Div. 429) the court said: " If the defendants could have been convicted of an attempt to commit robbery, the fact that the district attorney saw fit to prosecute them for a lesser crime is certainly no reason that a conviction for the lesser crime should be reversed."

The mere fact that the district attorney failed to prosecute for a greater degree of crime is not ground for reversal. (*People* v. *Lefkowitz*, 232 App. Div. 18.)

The defendant having confessed to stealing the engine and plead guilty of petit larceny, it seems to me the conviction should be affirmed. If it was a greater degree of larceny, he is fortunate to be convicted of the lesser crime — petit larceny.

The Court of Special Sessions has jurisdiction to impose the punishment of a fine of $100 or imprisonment in the county jail in default of payment of fine, not to exceed 100 days, since the amendment of section 717 of the Code of Criminal Procedure by chapter 720 of the Laws of 1926, regardless of former limitation. (*People* v. *Monohan*, 257 N. Y. 388, 391.)

I find no reason to reverse this judgment. Judgment of conviction affirmed and execution of judgment is directed. Defendant having been admitted to bail, he is committed to the Schoharie county jail for the remainder of his term of imprisonment.