THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* MORTY BROUS, Defendant.

Supreme Court, Special Term, Nassau County, December 20, 1945.

*Thomas R. Fay* for defendant.

*James N. Gehrig, District Attorney* (*Philip Huntington* of counsel), for plaintiff.

C. A. JOHNSON, J. This is an application for a certificate of reasonable doubt made by the defendant pending his appeal from a judgment of the District Court of the County of Nassau (First District) convicting him of knowingly permitting premises to be used for the recording and registering of bets in violation of section 986 of the Penal Law and sentencing him to be imprisoned in the Nassau County Jail for a period of six months and, in addition thereto, to pay a fine in the sum of $500.

In determining applications of this character, the question to be considered, in the words of the statute, is whether the judge to whom the application is made is " satisfied that there

is a reasonable doubt whether the conviction should stand'' (Code Crim. Pro., § 753); in other words, it need not necessarily be demonstrated beyond peradventure that the judgment of conviction will be reversed; if there are questions which may reasonably be said to be proper subjects for review by the appellate court, a certificate of reasonable doubt should be granted and the defendant admitted to bail pending appeal (*People* v. *Flaherty,* 110 N. Y. S. 154; *People* v. *Hines,* 12 N. Y. S. 2d 454).

Although the stenographer's minutes of the trial have not been submitted to the court upon this application, it is asserted by the defendant, and admitted by the People, that the information upon which the defendant was tried appeared on its face to have been made upon the informant's knowledge; that no challenge was interposed to the sufficiency of the information in advance of the trial; that at the trial and upon the cross-examination of the informant, it appeared for the first time that the informant possessed no personal knowledge whatever as to the merit of the charge against the defendant; that the attorney for the defendant then moved to dismiss the information upon the ground that it then first appeared that the information was defective; this motion was denied and exception taken. The defendant's attorney then sought by cross-examination to elicit from the informant the source of his information and the grounds of his belief, to which questions objection was made by the assistant district attorney and sustained by the court, to all of which exception was duly taken. Upon this state of facts, the defendant argues that the court never acquired jurisdiction or if it did acquire such jurisdiction that the motion to dismiss the information was improperly denied.

The question is a novel one and no decision exactly in point has been brought to the attention of the court either by counsel for the defendant or by the district attorney. Had the defendant been afforded an opportunity at some stage of the proceedings to examine the informant as to the source of his information and the grounds for his belief as to the truth of the charge theretofore incorrectly asserted to have been made upon the informant's knowledge, and had it appeared upon such inquiry that the informant in fact had information justifying the charge, there is authority for the proposition that there would have been a sufficient compliance with the provisions of the code to necessitate affirmance of the judgment of conviction (*People* v. *Smith,* 86 Hun 485). The reports seem to be devoid, however, of any case presenting the question of the

legality of a conviction obtained upon an information purporting to be made upon the knowledge of the informant where it was demonstrated for the first time during the course of the trial not to have been so made.

Under these circumstances, it is impossible to say that there is not a question in this case warranting the consideration of an appellate tribunal and I have accordingly concluded that a certificate of reasonable doubt should issue upon the ground indicated and that the defendant should be admitted to bail pending appeal. Since the appeal is from the District Court and since the preparation of the return upon appeal is the duty of that court, the district attorney will be in the position to bring the appeal on for argument as soon after the filing of the return as he may deem necessary. Bail pending appeal will be fixed at the sum of $2,500.