◼ In the Matter of SHANTY HOLLOW CORPORATION, Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent. — Yesawich,

Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review respondent's determination which sustained a sales and compensating use tax assessment imposed under Tax Law articles 28 and 29.

Petitioner takes exception to respondent's sales tax assessment on its purchase of snow-making machinery and rental lockers. The material facts are essentially undisputed.

Petitioner owns and operates a recreational ski area known as Hunter Mountain Ski Bowl in Greene County. Because natural snowfall tends to be inadequate, petitioner finds it necessary to use snow-making equipment. Ski revenues inure to petitioner from the sale of "lift use tickets" entitling the buyer to be transported up the mountain to ski areas. Petitioner also rents lockers to skiers; the rental fee includes State sales tax.

Petitioner's principal argument is that its purchase of snow-making machinery was not subject to sales tax. Tax Law § 1115 (a) (12) exempts purchases of "[m]achinery or equipment for use or consumption directly and predominantly in the production of tangible personal property * * * for sale". A "sale" as defined in the Tax Law includes any transfer of title or possession, or license to use or consume, which is supported by consideration (Tax Law § 1101 [b] [5]). Petitioner maintains that its snow-making equipment produces tangible personal property, namely, snow, and that the sale of a lift ticket constitutes a sale of a license to use or consume the snow; hence, petitioner argues that its purchase of machinery to make snow was a nontaxable event. Respondent's rationale is that the purchase of a lift ticket entitles a patron to admission to a participatory sport rather than the right to consume manufactured snow.

The burden of showing that the exemption applies is, of course, on petitioner (*see, Matter of Grace v New York State Tax Commn.*, 37 NY2d 193, 196) and that burden has not been met in this case. Since it is uncontested that a lift ticket does not entitle skiers to title or exclusive possession of the snow which covers the ski slopes, respondent's determination, based as it is on the firmly established principle that only transactions involving passage of title or of actual exclusive possession constitute sales (*see, Matter of Hospital Tel. Sys. v New York State Tax Commn.*, 36 NY2d 746; *American Locker Co. v City of New York*, 308 NY 264, 267; *Bathrick Enters. v Murphy*, 27 AD2d 215, 216, *affd* 23 NY2d 664), is both rational and proper. Furthermore, the lift ticket itself is exempt from sales tax by reason of Tax Law § 1105 (f) (1), which excepts "charges to a patron for admission to, or use of, facilities for sporting activities in which

such patron is to be a participant". Clearly, respondent's imposition of the sales tax on petitioner, as the ultimate taxpayer using the snow-making equipment (*cf. Matter of Burger King v State Tax Commn.*, 51 NY2d 614, 623), is neither erroneous, arbitrary nor capricious.

Petitioner suggests that the assessment results in double taxation and frustrates a public policy of encouraging physical fitness; the latter contention is speculative and wholly unsubstantiated on this record, and the former is simply unfounded since, as already noted, lift tickets are specifically excluded from sales tax (20 NYCRR 527.10 [d] [4] [*example 7*]).

With respect to respondent's determination that petitioner was obliged to pay sales tax on its purchase of lockers and ski racks, Tax Law § 1105 (a) imposes a sales tax on the receipts from every retail sale of tangible personal property, with certain enumerated exceptions. Tangible personal property utilized "in performing the services subject to tax under paragraphs (1), (2), (3) and (5) of subdivision (c) of section eleven hundred five" is exempt from the tax (Tax Law § 1101 [b] [4]). Significantly, the rental of safe deposit boxes and similar space, a taxable service under Tax Law § 1105 (c) (4), is excluded from the exemption. From this, respondent quite reasonably concluded that petitioner's purchase of lockers and ski racks was subject to the sales tax.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.