■ In the Matter of DARIEN LAKE FUN COUNTRY, INC., Petitioner, v STATE TAX COMMISSION, Respondent.—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which sustained a sales and use tax assessment imposed under Tax Law article 28.

The pertinent facts are undisputed. Petitioner operates an amusement park located midway between Rochester and Buffalo. It sold two kinds of admission tickets to its customers: one entitled the holder to enter the park and enjoy various attractions, and the other enabled the holder to also enjoy unlimited use of specified carnival-like rides. Although the appropriate sales taxes on revenues received from customers for both types of tickets were paid, petitioner did not pay sales tax on the amounts it had expended to purchase or lease its various amusement rides. Petitioner held the view that, under the Tax Law, the rides had been purchased for resale to its customers; hence, their acquisition was exempt from taxation and petitioner paid no sales tax thereon. Respondent, after an audit and hearing, concluded otherwise and assessed a deficiency against petitioner.

Petitioner's contention that the admission charge constitutes a sale of its amusement facilities and equipment to its patrons underlies petitioner's argument that it purchases or leases these rides for resale, a nontaxable event under Tax Law § 1101 (b) (4) (i) (A). However, in *Matter of Shanty Hollow Corp. v New York State Tax Commn.* (111 AD2d 968, *lv denied* 66 NY2d 603), this court very recently professed continued adherence to the long-standing principle that "only transactions involving passage of title or of actual exclusive possession constitute sales" *(supra,* p 969). Here, there is no gainsay-

ing the correctness of respondent's finding that the sale of an admission ticket does not transfer title to, or exclusive possession of, the amusement rides to the ticket holder. Since there is no sale of the rides, there is no resale. Respondent's conclusion that petitioner's purchases and leases of rides constitute transactions taxable as the sale of tangible personal property (see, Tax Law § 1105 [a]) rationally follows.

As for petitioner's suggestion that taxability of its receipts from customer admissions results in the pyramiding of taxes, a practice proscribed by *Matter of Burger King v State Tax Commn.* (51 NY2d 614, 623), that prohibition is limited to instances unlike that presented herein where there has been a transfer of exclusive possession of the item allegedly taxed twice (see, supra; see also, *Celestial Food v New York State Tax Commn.*, 63 NY2d 1020, 1022).

Determination confirmed, and petition dismissed without costs. Mahoney, P. J., Main and Yesawich, Jr., JJ., concur.

Kane and Levine, JJ., dissent and vote to annul in the following memorandum by Kane, J. Kane, J. (dissenting). Tax Law § 1101 (b) (5) defines the terms "sale, selling or purchase" as: "Any transfer of title or possession or both, exchange or barter, rental, lease or license to use or consume, conditional or otherwise, in any manner or by any means whatsoever for a consideration, or any agreement therefor, including the rendering of any service, taxable under this article, for a consideration or any agreement therefor". In addition, 20 NYCRR 526.7 (a) (4) provides that the term "sale" includes, among other things, "the transactions enumerated in subdivision (d), (e) or (f) of section 1005 of the Tax Law". Tax Law § 1105 (f) (1) concerns "admission charges".* Accordingly, petitioner's sale of a ticket constitutes a "sale" of the facilities to its patrons as a transaction "enumerated in subdivision * * * (f) of section 1105 of the Tax Law" (20 NYCRR 526.7 [a] [4]). Since petitioner is "selling" its facilities to its customers, its acquisition of the facilities in question is for resale and thus nontaxable (see, Tax Law § 1101 [b] [4] [i] [A]; § 1105 [a]). The facilities in question here were not incidental to the taxpayer's primary business (see, *Matter of Albany Calcium Light Co. v State Tax Commn.*, 44 NY2d 986, 988).

We would therefore grant the petition and annul respondent's determination.

---

* It is undisputed that the amounts charged by petitioner for use of its facilities are admission charges within the meaning of Tax Law § 1105 (f) (1).