[893 NYS2d 729]

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v LATEEK WRIGHT, Defendant.

Criminal Court of the City of New York, New York County, January 7, 2009

**APPEARANCES OF COUNSEL**

*Mark Scotto* for defendant. *Robert M. Morgenthau, District Attorney* (*Stephanie Oliva* of counsel), for plaintiff.

**OPINION OF THE COURT**

MARC J. WHITEN, J.

In what appears to be a refractory impulse, both the People and defense counsel posit similarly flawed arguments regarding the sufficiency of the complaint herein, on grounds relating to Tax Law § 1817 (a), when in fact the charge referenced on the complaint is section 1817 (d) (1) of the Tax Law.

Mike Spick, author of Brassey's Modern Fighters: The Ultimate Guide to In-Flight Tactics, Technology, Weapons, and Equipment (Brassey's Inc., Dulles, Va., 2002), is quoted as stating that "[w]hereas knights of old wore armor of plate, the modern knights of the air wear the invisible but magic armor of confidence in technology." Accordingly, whereas confidence in technology in our day and age is accepted, blind reliance on such technology without human quality control is a recipe for disaster.

It appears here that either a macro programing error or a keystroke mistake lead to the boilerplate charge information before the court failing to conform to the Tax Law charge asserted. Thus, although the arguments of both the People and defense counsel are responsive to the boilerplate charge and the factual assertions, they fail to address the requirements of the charged Tax Law section.

It is without question that computers have become an indispensable part of the practice of law. Long gone are the days of the scribe or the typewriter. Today we largely depend on merge documents and codes to generate motions and replies. But we must remain alert to the admonition of Aldous Leonard Huxley who said that "[t]echnological progress has merely provided us with more efficient means for going backwards." What happens then when we fail to open a book or simply check the subdivision of a charge? The answer in the case at bar is a dismissal of the information as facially insufficient to support the charge.

The defendant, Lateek Wright, is charged with violating Tax Law § 1817 (d) (1), sales and compensating use taxes. The defendant, by omnibus motion, moves to dismiss the information as facially insufficient, as well as for various other reliefs. The motion is decided as follows.

As stated above, defendant's motion to dismiss for facial insufficiency is granted. In order to be facially sufficient, an information must substantially conform to the formal requirements of CPL 100.15. Additionally, the factual portion and any ac-

companying depositions must provide reasonable cause to believe the defendant committed the offense charged, as well as nonhearsay factual allegations of an evidentiary character which, if true, establish every element of the offense charged and defendant's commission thereof (CPL 100.15 [3]; 100.40 [1]; *see People v Dumas*, 68 NY2d 729 [1986]; *see also People v Alejandro*, 70 NY2d 133 [1987]).

The requirement of nonhearsay allegations has been described as a "much more demanding standard" than a showing of reasonable cause alone (*People v Alejandro*, 70 NY2d at 139, quoting 1968 Study Bill and Commn Rep of Temp Commn on Rev of Penal Law and Crim Code, Introductory Comments, at xviii [emphasis omitted]); however, it is nevertheless a much lower threshold than the burden of proof beyond a reasonable doubt (*People v Henderson*, 92 NY2d 677, 680 [1999]; *People v Hyde*, 302 AD2d 101 [1st Dept 2003]). Thus, "[t]he law does not require that the information contain the most precise words or phrases most clearly expressing the charge, only that the crime and the factual basis therefor be sufficiently alleged" (*People v Sylla*, 7 Misc 3d 8, 10 [2d Dept 2005]). Finally, where the factual allegations contained in an information "give an accused sufficient notice to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (*People v Casey*, 95 NY2d 354, 360 [2000]; *see also People v Konieczny*, 2 NY3d 569 [2004]; *People v Jacoby*, 304 NY 33, 38-40 [1952]; *People v Knapp*, 152 Misc 368, 370 [1934], *affd* 242 App Div 811 [1934]; *People v Allen*, 92 NY2d 378, 385 [1998]; *People v Miles*, 64 NY2d 731, 732-733 [1984]; *People v Shea*, 68 Misc 2d 271, 272 [1971]; *People v Scott*, 8 Misc 3d 428 [Crim Ct, NY County 2005]).

In the case at bar, the information alleges that in front of 218 West 125th Street in the County and State of New York, the following occurred:

"Deponent states that deponent observed the defendant display and offer for sale over one-hundred (100) digital video discs (DVD's).

"Deponent states that deponent observed defendant standing on the public sidewalk for at least five (5) minutes immediately behind a folding table and above-described merchandise was offered for sale thereon. Defendant was the only person who was uninterruptedly in immediate proximity to the

merchandise and did not leave the merchandise unprotected during the entire period of the officer's observation.

"Deponent states that deponent observed defendant showing the merchandise to numerous people. Deponent further states that at the time of deponent's observation, defendant was not displaying or found in possession of a Certificate of Authority to Collect Tax and could not produce one when asked."

Tax Law § 1817 (d) (1) states that

"[a]ny person (1) who willfully fails to charge separately the tax imposed under article twenty-eight of this chapter or to state such tax separately on any bill, statement, memorandum or receipt issued or employed by him upon which the tax is required to be stated separately . . . shall be guilty of a misdemeanor."

Persons required to collect taxes include every person who makes sales of tangible personal property as a vendor. Pursuant to section 1105 (a) of the Tax Law, imposition of the sales tax is paid "upon: (a) [t]he receipts from every retail sale of tangible personal property." (*See also Matter of Shanty Hollow Corp. v New York State Tax Commn.*, 111 AD2d 968, 970 [3d Dept 1985] ["Tax Law § 1105 (a) imposes a sales tax on the receipts from every retail sale of tangible personal property"].) Therefore, to support the charge of violating section 1817 (d) (1) of the Tax Law, the alleged facts must support a finding or inference that the defendant, a vendor, failed to collect taxes due upon the sale of tangible personal property.

Defendant contends the accusatory instrument is facially insufficient, since the factual allegations fail to allege facts establishing an actual selling of property or services. It is defendant's contention that to support the charge the factual allegations must allege facts establishing an actual sale of property or services, as the mere displaying of property for sale or services would not trigger the imposition of the sales and compensating use taxes requirements of Tax Law § 1817.

In opposition, the People contend that the accusatory instrument is sufficiently pleaded to establish the defendant's commercial purpose. Specifically, the People argue that an assessment of the totality of circumstances, such as the alleged openness of the display, nature of the items and defendant's proximity to the items, sufficiently supports the inference of a commercial purpose within the purview of Tax Law § 1817.

Although the court agrees with the People that the allegations are sufficiently pleaded to support a reasonable cause to believe that while offering tangible personal property defendant did not display or possess a valid certificate of authority from the Department of Taxation pursuant to section 1817 (a) (1), the issue before the court is not simply whether a sale occurred, but rather whether the defendant, pursuant to section 1817 (d) (1) of the Tax Law, "fail[ed] to charge separately the tax imposed."

This court finds that the information is facially insufficient to establish a reasonable cause to believe that defendant violated Tax Law § 1817 (d) (1), as the information in this complaint lacks sufficient factual allegations to establish that defendant failed to collect sales tax after a sale. The accusatory instrument fails to allege sufficient facts to support that defendant engaged in an actual sale or transfer of tangible property justifying the imposition of a tax, nor does the accusatory instrument contain facts upon which it could be inferred that the defendant's acts of displaying the DVDs, or offering them for sale, rose to a level where collection of the sales tax was warranted. The tax laws as defined require more than a mere inference that the defendant was engaged in a commercial purpose. The imposition of the tax requires a showing that the defendant engaged in a sale of tangible personal property without collecting the applicable sales taxes. (See Tax Law § 1105 [a].) Accordingly, defendant's motion to dismiss for facial insufficiency is granted.

In light of the fact that the court is granting the defendant's motion to dismiss, the balance of the omnibus motion is denied as moot.

## Conclusion

For the reasons discussed above, defendant's motion to dismiss the accusatory instrument on the grounds of facial insufficiency is granted. The court directs that sealing be stayed for 30 days from the date of this decision to allow the People to file a timely, facially sufficient information if they so choose.