■ BERNARD LAX, Appellant, v. GEORGE HERMAN et al., Individually and as Copartners Doing Business under the Name of "HERMAN DIAMOND, BASSOCK, ARNOLD and EASTON", Respondents.— Order, entered on February 26, 1963, denying motion for summary judgment affirmed, with costs to abide the event. The extent to which plaintiff participated in the firm affairs in the role of a partner before the letter of January 20, 1962 would have bearing on the meaning which all parties attached to the written expression in that letter "If * * * your partnership agreement with this firm has for any reason not been consummated". The usual meaning of those words would be some formalization of the status of plaintiff as a partner. But the letter signed by defendants referred to "our earlier arrangements which we now confirm" and this would suggest that the actual course of those arrangements, i.e., plaintiff's participation in the firm's affairs, would have relevancy on what was intended by the consummation of "your partnership agreement". The factual statement in the opposing affidavit of defendant Arnold that "From November 1961 through February 16, 1962 Plaintiff held himself out as a partner of the Firm", relating to a period both before and after the letter of January 20, and in the affidavit of defendant Easton that plaintiff "was, in fact, a partner in that firm, and actively so conducted himself" must be read favorably to the parties resisting summary judgment. These factual statements indicate a triable issue as to whether or not it was intended that approval of plaintiff as a partner by the American Stock Exchange, concededly occurring on February 2, was enough to consummate plaintiff's admission as a partner and whether the additional

formality of a "simple transfer of cheques" among plaintiff, defendant Herman, and the firm, which concededly was not carried out, was an essential in the creation of the contemplated partnership status. On this point, too, if in fact the plaintiff "held himself out as" a partner between February 2, after the exchange had approved him as a partner, and February 16, such a fact might have relevancy on whether anything else was needed to effect a consummation of the relationship within the intention of the parties. We do not suggest how the merits are to be treated; we hold merely that the record shows a triable issue. Concur — Botein, P. J., Breitel and Bergan, JJ.; McNally and Stevens, JJ., dissent in a memorandum by McNally, J.: I find no ambiguity in the agreement. Notwithstanding defendants' contentions, the letter agreement of January 20, 1962, upon which plaintiff sues, is unambiguous. Two of the three conditions upon which plaintiff's $37,000 loan was to be converted into a capital contribution in defendants' partnership never materialized. They were: the transfers of Herman's check to plaintiff and plaintiff's check to the firm, each in the sum of $37,000; and the application of said sum to plaintiff's equity account with the firm. It is implicit in the agreement that the plaintiff's participation in the defendants' enterprise prior to the fulfillment of all the conditions of the agreement was not to constitute him a general partner. The intention of the signatories to repay plaintiff if his partnership did not eventuate is clearly expressed. Plaintiff's alleged participation in firm affairs before January 20, 1962 may not be relied on to nullify the agreement then made. "There can be no claim as to any oral part of a contract which is contradictory of the part that has been reduced to writing." (*Continental Bank & Trust Co. of N. Y.* v. *W. A. R. Realty Corp.*, 265 App. Div. 729, 733.) Plaintiff should be entitled to summary judgment.