■ Morris Van Slyke et al., Appellants, v Pargas, Inc., Defendant and Third-Party Plaintiff-Respondent-Appellant. Petrolane-Northeast Gas Service, Inc., et al., Third-Party Defendants-Respondents.—Appeals from an order of the Supreme Court at Special Term, entered December 7, 1977 in Warren County, which granted a motion by third-party defendants for summary judgment dismissing the third-party complaint, and directed that

the issues determined therein shall constitute the law of the case and be binding upon the plaintiffs in the primary action. On July 1, 1974 plaintiffs were tenants occupying an apartment on premises owned by Philip Baroudi when an explosion occurred in their apartment, allegedly caused by a gas leak, resulting in injuries to plaintiffs. On March 19, 1976 plaintiffs commenced this action against Pargas, Inc., the supplier and servicer of the gas supplied to the premises. An action against the owner was settled for $75,000 by agreement dated June 25, 1976. The plaintiffs' complaint alleged causes of action in negligence, products liability and breach of warranty. Plaintiffs alleged that the accident was caused by, *inter alia,* the negligent installation and inspection of gas tanks, pipelines and appliances by Pargas. It was also alleged that Pargas was negligent in failing to properly odorize the gas in order to warn plaintiffs that there was a dangerous leak. On the basis of the allegation relating to odorization of the gas, defendant commenced a third-party action against its suppliers, Petrolane and Exxon. The third-party complaint claimed that the third-party defendants warranted to the third-party plaintiff that the gas supplied by them was odorized according to law. It was alleged that any liability of Pargas to plaintiffs based on malodorization of the gas was due solely to the negligence of the third-party defendants. The third-party defendants moved for summary judgment upon the grounds that in the earlier action against the landlord, the plaintiffs had testified at examinations before trial that just prior to the explosion plaintiff Morris Van Slyke asked his wife if she smelled something and then "all of a sudden I got a little teensy faint odor of gas, so I didn't know what the devil it was, so I called my wife and called her in the kitchen and said 'don't you smell a little bit of gas?' and she said 'no, I don't smell it, honey.' And I said 'I smell it. Why don't you tell the landlord there is a little gas leak around here'." Both plaintiffs testified that moments after this interchange, the explosion occurred. On their motion for summary judgment, the third-party defendants contended that the admission of plaintiffs that there was an odor of gas in the premises established that the exploded gas was odorized sufficiently for plaintiffs to sense it, and since the failure to properly odorize the gas supplied to defendant Pargas was the sole theory of impleader, the third-party defendants were entitled to summary judgment. The third-party defendants contend that plaintiffs have failed to come forward with evidentiary matter in support of their contention that the third-party defendants failed to adequately odorize the gas, and that, therefore, summary judgment dismissing the third-party complaint is proper. Plaintiffs contend that Special Term ignored the triable issue of fact whether the gas was sufficiently odorized to give an adequate warning of its escape. They deny that the examination before trial testimony is an admission of odorization and assert, rather, that it creates the question of fact which must be resolved at a trial. Section 255.90 of chapter III of title 16 of the Official Compilation of Codes, Rules and Regulations of the State of New York provides as follows: "255.90 Odorization of gas. (a) *Odorization of gas transported in transmission lines.* All gas transported, except gas en route to storage fields, is to be adequately odorized so as to render it readily detectable by the public and employees of gas corporations at all gas concentrations of one-fifth of the lower explosive limit and above. * * * (d) *Monitoring of odorization adequacy.* An appropriate record of the odorization practices shall be maintained. A daily test shall be performed to establish the adequacy of odorization and at least once weekly a quantitative test shall be performed to establish the level of odorization. (e) *Filing.* Every gas corporation is to submit a written statement as to the types of odorizers and odorants used,

the ratios of odorant to gas, and the locations of its odorization stations." Plaintiffs' complaint contains an allegation that defendant failed to include or introduce agents into the gas product to create an aroma or an odor of such nature, character and intensity that would warn persons that gas had escaped. Plaintiffs contend that gas which is odorized and would furnish a warning only at the point when the gas is already at an explosive concentration provides no effective warning. The allegations contained in plaintiffs' complaint that the gas in question in the instant action lacked an odor of such "nature, character and intensity that would warn" creates an issue of fact as to whether the gas which the plaintiff smelled just immediately prior to the explosion was odorized to an extent that would have afforded, and did afford plaintiff adequate warning at a time when the accumulation of explosive vapors was below a concentration permitting ignition. The mere admission by plaintiff that there was only a teeny faint odor of gas should not be sufficient to entitle the third-party defendants to summary judgment on the ground that they properly and adequately odorized the gas product. Summary judgment should be denied even where the opposing papers appear insufficient if, for example, technical definitions are needed which are only obtainable upon an examination of witnesses at trial, or if a key fact is in the exclusive knowledge of the movant (*Utica Sheet Metal Corp. v Schecter Corp.*, 25 AD2d 928). Moreover, factual statements in the opposing affidavits will be read favorably to the party resisting the motion so as to determine whether there are triable issues (*Lax v Herman*, 19 AD2d 881, revd on other grounds 14 NY2d 748). The order granting summary judgment should be reversed since triable issues of fact do exist. Third-party defendant Petrolane contends that plaintiffs are precluded from seeking review of the judgment rendered by Special Term because they failed to appeal specifically from the judgment entered upon the order granting the summary judgment motion and, further, because they lack standing to appeal the judgment in a third-party action to which they are not parties. These contentions are without merit. An appeal from an order granting summary judgment may be deemed an appeal from the subsequent judgment in which the order was subsumed, and the appeals should be considered on the merits (*National Bank of North Amer. v Kory*, 63 AD2d 579). Furthermore, plaintiffs are aggrieved parties when the order for summary judgment directed that the issues determined on the motion for summary judgment shall constitute the law of the case, and be binding upon the plaintiffs. Order and judgment reversed, on the law, with costs to plaintiffs, and motion denied. Mahoney, P. J., Greenblott, Sweeney, Kane and Staley, Jr., JJ., concur.