■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER HOLLOWELL, Appellant.—Appeal from a judgment of the County Court of Sullivan County (Leaman, J.), rendered July 13, 1990, convicting defendant upon his plea of guilty of the crimes of burglary in the first degree, rape in the first degree, burglary in the second degree, criminal possession of a weapon in the third degree and attempted escape in the first degree.

We reject defendant's contention that County Court erred in denying his motion to withdraw his guilty plea. Our review of the plea minutes satisfies us that the plea was knowingly, intelligently and voluntarily made. And given the further fact that defendant was afforded an opportunity to state the basis for his withdrawal motion, neither his belated protestations of innocence nor his conclusively asserted claims of coercion and distress necessitated a hearing. In short, County Court did not abuse its discretion in summarily denying defendant's motion (see, People v Ross, 182 AD2d 1022; People v De Gaspard, 170 AD2d 835, lv denied 77 NY2d 994). Also meritless is defendant's argument that County Court erred in failing to suppress statements made by defendant. The suppression hearing evidence fully supports County Court's determination that defendant's statements were not taken in violation of any of his constitutional rights. That defendant and his witness proffered a different version of the events merely presented a credibility question for the suppression court to resolve (see, People v Shepherd, 156 AD2d 887, lv denied 75 NY2d 924; People v Kittel, 135 AD2d 1021). Further, defendant's bald statement that his counsel failed to move to suppress a voice identification is insufficient to establish ineffective assistance of counsel (see, People v Rivera, 71 NY2d 705; People v Jiggetts, 178 AD2d 332, lv denied 79 NY2d 949; People v King, 168 AD2d 634, lv denied 77 NY2d 962). Finally, in light of defendant's criminal record and the fact that he was permitted to plead guilty to five crimes in full satisfaction of one five-count indictment and one 11-count indictment, the sentence imposed by County Court is neither unduly harsh nor excessive (see, People v Mackey, 136 AD2d 780, lv denied 71 NY2d 899).

Mikoll, J. P., Yesawich Jr., Levine, Mercure and Harvey, JJ., concur. Ordered that the judgment is affirmed.