■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORNELL SMITH, Appellant. [599 NYS2d 315] —Mahoney, J. Appeal from a judgment of the County Court of Warren County (Moynihan, Jr., J.), rendered November 6, 1991, upon a verdict convicting defendant of the crime of manslaughter in the first degree.

The principal issue on this appeal is whether the prosecution presented sufficient evidence in addition to defendant's confession to meet the corroboration requirements of CPL 60.50. A review of the record establishes that on August 16, 1988 a badly decomposed body, later determined to be that of a 21-year-old woman (hereinafter the victim), was found in a heavily wooded area adjacent to the northbound entrance ramp of the Northway exit 22 exchange in the Town of Queensbury, Warren County. The body was found in the supine position and was unclothed from the waist up. Through questioning of friends and family it was discovered that the victim lived alone and was last seen on July 21, 1988 carrying a bag of children's clothing to be delivered to her two children who were in foster care. While due to the severe decomposition the cause of death could not be stated with any certainty, police nonetheless treated the death as suspicious and sought to question defendant, who was the victim's boyfriend and the father of her two children. While initial efforts in that regard were unsuccessful due to their inability to locate him, upon receiving information that defendant had returned to the area he was taken into custody. Following administration of *Miranda* warnings, he entered a full, written confession. According to the statement, defendant had rented a gray Chevrolet Chevette from Rent-A-Wreck in July 1988. On the evening of July 21, 1988 after returning from a scheduled visit with the children, he found the victim waiting for him. They went for a ride in the Chevette during which time an argument erupted and defendant stabbed the victim in the stomach with her knife. He then cut off her shirt and, after he determined her to be dead, discarded the body in the location where it was found. Thereafter, he proceeded to a car wash where he

attempted to clean off the blood from the interior, discarded the shirt, some children's clothing present in the car and the knife. Ultimately, he abandoned the car at a bus terminal in the City of Albany when it broke down as he was fleeing to the New York City area.

Following his arrest, defendant was indicted for murder in the second degree and manslaughter in the first degree in connection with the victim's death. In addition to introducing the confession, at trial the prosecution presented, as corroboration evidence, (1) testimony regarding the victim's location, position and condition from police officers who first arrived on the scene, (2) testimony from the manager of Rent-A-Wreck confirming defendant's rental of the Chevette on or about July 20, 1988, and defendant's subsequent telephone call stating that he had left the vehicle in an Albany bus terminal, (3) testimony from the tow-truck operator who went to pick up the Chevette in Albany that when he entered the vehicle he smelled blood, noticed a large stain on the back seat and miscellaneous debris strewn about, (4) expert medical testimony from the examining pathologist that the death was homicidal and, although unable to determine the precise cause of the homicide, death by knife to the abdomen was consistent with his findings, and (5) testimony from the victim's friend that she was carrying children's clothing at the time she was last seen. Upon conclusion of the proof, defendant was convicted of manslaughter in the first degree. Following denial of his postverdict motion to dismiss due to lack of adequate corroboration, defendant filed this appeal.

We affirm. CPL 60.50 provides that "[a] person may not be convicted of any offense solely upon evidence of a confession or admission made by him without additional proof that the offense charged has been committed". It is now well settled that satisfaction of the CPL 60.50 corroboration requirement does not mandate the submission of direct or circumstantial evidence linking a defendant to the death but only the production of some proof, direct or circumstantial, that the victim met his or her death through criminal means *(see, e.g., People v Lipsky,* 57 NY2d 560, 570-571; *People v Murray,* 40 NY2d 327, 332, *cert denied* 430 US 948; *People v Reade,* 13 NY2d 42, 45-46). To this end, the Court of Appeals has held that "proof of circumstances which, although they may have an innocent construction, are nevertheless calculated to suggest the commission of crime, and for the explanation of which the confession furnishes the key" is sufficient *(People v Jaehne,* 103 NY 182, 199-200; *see, People v Lipsky, supra).* Under this principle,

proof of motive, evidence of the defendant's presence at the scene, evidence of flight or of a consciousness of guilt has been acknowledged to be sufficient *(see, People v Reade, supra; People v Cuozzo,* 292 NY 85, 92), as has evidence regarding the location, position and condition of the body which suggests that death occurred through criminal agency *(see, People v Jennings,* 40 AD2d 357, *affd* 33 NY2d 880).

When viewed against this well-established backdrop of precedent, we find that the corroborating evidence introduced here is adequate to satisfy the requirements of CPL 60.50. While the submitted evidence that the victim was in good health at the time she disappeared, accompanied by the fact that her body was found at a distant location from her home, partially clad and lying face upwards in a heavily wooded area not prone to pedestrian traffic, standing alone seems to be sufficient corroboration under *People v Jennings (supra),* here the evidence of criminal agency is not limited only to these facts. The additional testimony regarding the condition of the rental car, the odor of blood therein, defendant's disappearance from the area and apparent elusive maneuvers to avoid questioning also provides strong circumstantial corroboration. In addition, the fact that certain of defendant's admissions, notably that he stabbed the victim in the abdomen and threw away children's clothing after the incident, provides the key that explains certain other circumstantial evidence, such as the testimony that the victim was last seen carrying children's clothes (which items were later nowhere to be found) and the absence of any discernible evidence upon autopsy that the victim had been wounded fatally by a weapon, operates to render that evidence of significance as well. Accordingly, when viewed as a whole, there seems little doubt but that this corroborative evidence meets the CPL 60.50 standard.

We have reviewed defendant's remaining contentions and find them to be unpreserved for review or lacking in merit. As a final note, inasmuch as it was established that the tow-truck operator was familiar with the odor of blood due to his experience in responding to motor vehicle accidents where blood was present, we see no error in County Court permitting him to render a lay opinion that he smelled the odor of blood in this vehicle *(cf., People v Fernandez,* 35 NY 49, 61; *People v Mathews,* 176 AD2d 1135, 1136; *People v Lynch,* 85 AD2d 126; *Van Slyke v Pargas, Inc.,* 69 AD2d 927).

Mikoll, J. P., Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the judgment is affirmed.