■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER PARSON, Appellant. [619 NYS2d 372] —Mikoll, J. P. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered June 18, 1993, upon a verdict convicting defendant of the crime of murder in the second degree.

Shortly before her murder at about 3:00 P.M. on September 20, 1992, the victim telephoned the Capital District Psychiatric Center Crisis Unit (hereinafter CDPC) in the City of Albany Police Department and advised that defendant, her estranged boyfriend, was at her residence threatening their 11-month-old infant. When responding police officers arrived at the scene they encountered defendant bleeding and semiconscious. He was transported to a hospital where emergency surgery was performed on chest wounds which were apparently sustained in an altercation with the victim. Defendant was given general anesthesia between 5:15 P.M. and 7:00 P.M. that evening. Police Detective George McNally questioned defendant at about 11:45 P.M. and obtained an inculpatory statement from him.

Defendant was subsequently indicted on two counts of murder in the second degree charging him with the murder of his estranged girlfriend by ligature strangulation. County Court denied defendant's motion to suppress his inculpatory statement on the ground that it was involuntary. Thereafter, defendant was tried before a jury and found guilty on the first count, charging murder in the second degree in violation of Penal Law § 125.25 (1), and sentenced to an indeterminate term of imprisonment of 25 years to life. This appeal ensued.

The judgment of conviction should be affirmed. Defendant's

argument that County Court erred in finding that his inculpatory statement was voluntarily made and admissible at trial because the anesthesia administered to him at the hospital rendered him unable to knowingly and intelligently waive his *Miranda* rights *(see, Miranda v Arizona,* 384 US 436) and to respond to questioning is without merit. County Court, after conducting a suppression hearing, concluded upon sufficient evidence that the statement was voluntarily and knowingly given and that defendant was capable of understanding and waiving his *Miranda* rights. County Court found that McNally conversed with medical personnel and was told it would be appropriate to speak to defendant, that defendant was alert, awake and able to comprehend and respond to questions. County Court rejected the conflicting opinion testimony of defendant's expert, finding it speculative, and accepted the conflicting testimony of McNally which County Court concluded was supported by the hospital records. The credibility issues raised at the hearing were within the province of County Court to resolve *(see, People v Hollowell,* 187 AD2d 755). Viewing the totality of the circumstances, as we must, we conclude that there is sufficient evidence to support County Court's finding of voluntariness *(see, People v Schultz,* 161 AD2d 970, 971, *lv denied* 76 NY2d 944).

Defendant's contention that his inculpatory statement was improperly admitted into evidence is rejected. The statement was amply supported by corroborative evidence *(see,* CPL 60.50) including the pathologist's findings, the testimony of police officers relative to the location and position of the victim's body at the scene, defendant's presence at the crime scene, his remark to police at the scene indicating a consciousness of guilt and the records of the telephone calls of the victim *(see, People v Lipsky,* 57 NY2d 560, 571; *People v Smith,* 194 AD2d 874, 875-876, *lv denied* 82 NY2d 726).

Defendant's assertion that the contents of the two telephone calls, one to CDPC and the other to the Albany Police Department, were improperly admitted into evidence as present sense impression exceptions to the hearsay rule *(see, People v Brown,* 80 NY2d 729, 734-735) lacks merit. The record established that the telephone calls came within the exceptions as "spontaneous descriptions of events made substantially contemporaneously with the observations * * * sufficiently corroborated by other evidence" *(supra,* at 734; *compare, People v Orth,* 201 AD2d 510, *lv denied* 83 NY2d 913). Thus, the two telephone conversations were correctly admitted into evidence at trial.

Finally, defendant's claim that the sentence imposed was unnecessarily harsh and excessive and should be reduced, is rejected. The sentence was within statutory limits *(see,* Penal Law § 70.00 [2] [a]; [3] [a] [i]) and absent a showing of a clear abuse of the sentencing court's discretion or the existence of extraordinary circumstances warranting modification, the sentence should not be disturbed *(see, People v Longo,* 182 AD2d 1019, 1022, *lv denied* 80 NY2d 906).

Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.