■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST MURRAY, Also Known as RAHEEM, Appellant. [700 NYS2d 240] —Mikoll, J. Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered April 17, 1998, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree (three counts), criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the fifth degree and criminal possession of a controlled substance in the seventh degree (two counts).

On June 17, 1997, defendant was indicted on three counts of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the seventh degree arising out of alleged sales of cocaine in the City of Hudson, Columbia County, in April 1997 and June 1997. An arrest warrant issued by Supreme Court on June 19, 1997 was executed the following day at 42 Allen Street in Hud-

son, at which time police found additional quantities of cocaine in defendant's clothing and in a body cavity, resulting in a superseding indictment dated September 23, 1997 containing two additional counts of criminal possession of a controlled substance in the fourth and fifth degrees.

Defendant moved to suppress the evidence seized from his person at the time of his arrest, alleging that because the warrant was executed at the residence of a third person, a search warrant was required under CPL 120.80 (4). At the ensuing suppression hearing, defendant's girlfriend, Barbara Jones, testified that although she and defendant had resided together at another address from January 8 to June 14, 1997, she alone moved to 42 Allen Street six days prior to defendant's arrest. Jones conceded, however, that defendant had stayed overnight at 42 Allen Street two or three times in that six-day period, and that he had clothing and personal effects there. County Court made a finding of fact that defendant resided at 42 Allen Street with Jones, and that consequently no search warrant was required to execute the arrest warrant at that location.

Following the suppression hearing, a *Wade* hearing was commenced to test the propriety of the identification procedures employed with respect to the sale counts of the indictment. Shortly after the hearing began, defendant opted to plead guilty to the indictment. Before sentencing, however, he sought to withdraw his plea, claiming that he was not guilty of the charges and that he had not received effective assistance of counsel. County Court conducted a lengthy inquiry into defendant's assertions, following which it denied his request to withdraw his plea after finding no merit to the claim that his counsel was ineffective and refusing to credit his protestations of innocence in the face of his prior sworn plea allocution. Defendant was thereafter sentenced as a second felony offender to concurrent prison terms of 10 to 20 years and now appeals.

Defendant's principal contention on this appeal is that County Court erred in determining that his June 20, 1997 arrest was lawful and that the cocaine seized incident thereto was admissible. The thrust of defendant's argument is that because 42 Allen Street was the dwelling of a third party, irrespective of whether defendant also resided there, CPL 120.80 (4) required the police to obtain a search warrant before entering the premises to execute the arrest warrant.

Initially, we note that although defendant's argument does not turn on this finding, County Court's factual determination that 42 Allen Street was defendant's residence as well as that of Barbara Jones is amply supported by the testimony adduced

at the suppression hearing. The parties resided together at another location for the six months immediately preceding June 14, 1997. Although Jones maintained that defendant did not move with her, she acknowledged that he had stayed overnight "once or twice" and that his clothing and personal effects were in the new apartment. Defendant was present at 42 Allen Street when the warrant was executed, emerging from the bedroom.

We start with the proposition that "an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives where there is reason to believe the suspect is within" (*Payton v New York*, 445 US 573, 603; *see*, CPL 120.80 [4]). Thus, armed with the arrest warrant, the police were empowered to enter defendant's residence to effect his arrest. While conceding as much, defendant nonetheless maintains that by virtue of the US Supreme Court's holding in *Steagald v United States* (451 US 204) and the resultant 1991 amendment to CPL 120.80 (4), a search warrant is necessary where defendant's home is also that of a third person. We cannot agree. *Steagald* stands for no such proposition, and indeed the narrow question presented in that case was "whether an arrest warrant—as opposed to a search warrant—is adequate to protect the Fourth Amendment interests of persons not named in the warrant" (*supra,* at 204). While CPL 120.80 (4) accordingly serves to protect the 4th Amendment rights of Barbara Jones pursuant to *Steagald,* it does not afford defendant any enhanced rights by virtue of his cohabitation with her (*see, United States v Lovelock*, 170 F3d 339, 345, *cert denied* — US —, 120 S Ct 134; *United States v Chaidez*, 919 F2d 1193, 1202, *cert denied* 502 US 872; *United States v Litteral*, 910 F2d 547).

Defendant raises several claims in his supplemental *pro se* brief, none of which requires extended discussion. The record belies defendant's assertion that he did not receive the effective assistance of counsel. His attorney challenged the validity of defendant's arrest and the search incident thereto, made appropriate pretrial motions as to the other counts in the indictment, competently counseled defendant about his disposition options and sentencing exposure, vigorously and successfully opposed the People's efforts to have defendant sentenced as a persistent felony offender, submitted extensive materials relevant to an appropriate sentence and made an impassioned plea for leniency upon defendant's sentencing. While counsel's evaluation of the case against defendant prompted him to recommend consideration of a plea, as County Court trenchantly

observed "one does not kill the messenger by reason of the contents * * * of the message".

Equally meritless is defendant's unpreserved claim that his plea allocution was insufficient and flawed by County Court's failure to reconcile the prosecution's and defendant's accounts of the discovery of cocaine at the time of his arrest. Defendant failed to move to vacate the judgment of conviction pursuant to CPL 440.10 on that basis, and nothing in the allocution casts doubt upon his guilt of the offense or the voluntariness of the plea so as to have implicated the court's duty to inquire further (*see, People v Lopez,* 71 NY2d 662, 665). The discrepancy at issue—whether the cocaine was in defendant's pants pocket or in his rectum—does not bear upon an essential element of the possessory offense to which defendant pleaded. Moreover, the record establishes that County Court probed further to ensure that defendant's plea was voluntary and that he possessed the requisite criminal intent.

Defendant appears to argue that his plea was not knowingly, voluntarily or intelligently entered because he pleaded to the entire indictment without any guarantee of sentencing consideration. To proceed thus without first securing any "manifest benefit", defendant claims, "manifests an unintelligent plea of guilty". We are not persuaded. The record reveals that County Court painstakingly advised defendant of the consequences of his plea, eliciting responses demonstrating that defendant understood the proceedings, was not under the influence of drugs or alcohol, recognized and appreciated the consequences of proceeding in that fashion and was not coerced into pleading guilty but rather did so knowingly and voluntarily.

Finally, we reject defendant's claim that his sentence should be modified in the interest of justice. Defendant's sentence was within the permissible statutory range and not the harshest available for the offenses to which he pleaded guilty. The record establishes that County Court considered defendant's extensive criminal history, the seriousness of the offenses and the failure of prior rehabilitative efforts. We find neither an abuse of discretion nor any extraordinary circumstances warranting modification (*see, People v O'Hanlon,* 252 AD2d 670, 672, *lv denied* 92 NY2d 951; *People v Parson,* 209 AD2d 882, 884, *lv denied* 84 NY2d 1014).

Cardona, P. J., Mercure, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment is affirmed.