THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CIRO COLLETTA, Appellant. [736 NYS2d 213] —Judgment unanimously affirmed. Memorandum: Contrary to the contention of defendant, County Court properly denied his motion to suppress, *inter alia*, marihuana seized by police officers from the enclosed back yard of his residence. Probation officers entered defendant's premises to execute an arrest warrant for another person residing there and, upon observing marihuana in the back yard, reported their observation to the police. The probation officers were authorized to enter defendant's premises to execute the arrest warrant (*see, United States v Lovelock*, 170 F3d 339, 345 [2d Cir], *cert denied* 528 US 853; *see also, People v Murray*, 267 AD2d 492, 494, *lv denied* 94 NY2d 923). "A person who occupies premises jointly with another has a reduced expectation of privacy since he assumes the risk that his house-mate may engage in conduct that authorizes entry into the premises" (*United States v Lovelock, supra*, at 345; *see, United States v Chaidez*, 919 F2d 1193, 1202 [7th Cir], *cert denied* 502 US 872; *United States v Litteral*, 910 F2d 547, 553 [9th Cir]). The probation officers' presence at the front and rear doors to the residence was authorized and thus the marihuana

growing in the fenced back yard in plain view was properly seized by the police without a warrant (*see, People v Diaz*, 81 NY2d 106, 110; *People v Basilicato*, 64 NY2d 103, 115; *see generally, Horton v California*, 496 US 128). (Appeal from Judgment of Monroe County Court, Dattilo, Jr., J.—Criminal Possession Marihuana, 2nd Degree.) Present—Pine, J. P., Wisner, Kehoe, Gorski and Lawton, JJ.