OPINION OF THE COURT
Elisa S. Koenderman, J.
The defendant, Kenneth Rodriquez, along with two other separately charged individuals, was arrested on October 3, 2007 after he allegedly failed to open an apartment door in response to a detective’s attempt to execute an arrest warrant for one Edward Middleton. The defendant now moves to dismiss the underlying accusatory instrument pursuant to CPL 170.30 (1) (a) and 170.35 (1) on the grounds of facial insufficiency. At issue is whether or not the facts alleged in the accusatory instrument adequately support a charge of obstruction of governmental administration which is predicated upon alleged interference with the execution of an arrest warrant for a third party.
On October 4, 2007 the defendant was arraigned on a misdemeanor complaint charging him with obstructing governmental administration in the second degree (Penal Law § 195.05). The factual allegations in the complaint read as follows:
“Deponent [Detective Nicholas Estavillo — shield No. 05325 of the warrant section] states that (i) deponent went to apartment 2A located inside [875 Amsterdam Avenue] to execute a warrant for Edward Middleton; (ii) deponent knocked on the door of said apartment and ordered the occupants to open said door[;] (iii) defendant Angela Taylor, defendant Javel Taylor and defendant Rodriquez were inside of said apartment[;] and (iv) defendants refused to open said door and allow deponent to enter said apartment thereby preventing deponent from executing said warrant.”
The misdemeanor complaint was deemed an information at arraignment.
An information is facially sufficient if it meets three requirements. First, it must substantially conform to the formal requirements of CPL 100.15. Additionally, the factual portion and any accompanying depositions must provide reasonable *304 cause to believe the defendant committed the offense charged, as well as nonhearsay factual allegations of an evidentiary character which, if true, establish every element of the offense charged and defendant’s commission thereof (CPL 100.15 [3]; 100.40 [1]; see People v Dumas, 68 NY2d 729 [1986]; see also People v Alejandro, 70 NY2d 133 [1987]).
While the requirement of nonhearsay allegations (the prima facie requirement) has been described as a “much more demanding standard” than a showing of reasonable cause alone (People v Alejandro, 70 NY2d at 138, quoting 1968 Rep of Temp St Commn on Rev of Penal Law and Crim Code, Introductory Comments, at xviii), it is nevertheless a much lower threshold than the burden of proof beyond a reasonable doubt at trial (People v Henderson, 92 NY2d 677, 680 [1999]; People v Hyde, 302 AD2d 101 [1st Dept 2003]). Thus, “[t]he law does not require that the information contain the most precise words or phrases most clearly expressing the charge, only that the crime and the factual basis therefor be sufficiently alleged” (People v Sylla, 7 Misc 3d 8, 10 [App Term, 2d Dept 2005]). Additionally, where the factual allegations contained in an information “give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading” (People v Casey, 95 NY2d 354, 360 [2000]; see also People v Konieczny, 2 NY3d 569 [2004]; People v Jacoby, 304 NY 33, 38-40 [1952]; People v Knapp, 152 Misc 368, 370 [1934], affd 242 App Div 811 [1934]; People v Shea, 68 Misc 2d 271, 272 [1971]; People v Allen, 92 NY2d 378, 385 [1998]; People v Miles, 64 NY2d 731, 732-733 [1984]).
A person is guilty of obstructing governmental administration in the second degree under Penal Law § 195.05 when he “intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference.” Defendant argues, in sum, that the accusatory instrument is facially insufficient because it fails to establish defendant’s “dominion and control” over the subject premises, contending that since defendant was merely a visitor in the apartment, the element of intent necessary to support the charge is lacking. *305 Thus he concludes that the charge of obstructing governmental administration should be dismissed.[1]
Generally, in order to be convicted of obstructing governmental administration for interfering with a governmental or public servant’s official function, the governmental or official function must be authorized (People v O’Connor, 257 NY 473 [1931]; People v Richter, 265 App Div 767, 773 [1st Dept 1943]; People v Vogel, 116 Misc 2d 332 [App Term, 9th & 10th Jud Dists 1982]). An act which impairs the execution of a lawful search warrant may be the basis for a charge of obstructing governmental administration (see Esmont v City of New York, 371 F Supp 2d 202 [ED NY 2005]; see also People v Coffaro, 52 NY2d 932 [1981]). By analogy, an act which impairs the execution of a lawful arrest warrant may also be the basis for an obstructing governmental administration charge.
The accusatory instrument alleges that the defendant refused to open an apartment door in response to a police officer’s demand for entry, thereby preventing the officer from executing an arrest warrant for someone other than defendant. However, as pleaded, the accusatory instrument presently before the court suffers from two deficiencies. First, it does not allege that the apartment in question was Middleton’s dwelling. Second, it does not allege that the police officer announced his purpose and authority prior to demanding entry to execute the arrest warrant. This court finds that these two omissions render the charge of obstructing governmental administration in the second degree defective within the meaning of CPL 100.40 and 170.35 by failing to establish that the alleged governmental or official function was authorized, and that the defendant possessed the specific intent to commit the crime.
Under CPL 120.80 (5), a police officer may enter any premises in which he reasonably believes a defendant who is the subject of the arrest warrant to be present in order to effectuate an arrest pursuant to a warrant. Because an arrest warrant authorizes the police to deprive a person of his liberty, it necessarily also authorizes a limited invasion of that person’s privacy interest when it is necessary to arrest him in his home (see Steagald v United States, 451 US 204, 214 [1981]). An arrest warrant founded on probable cause affords the police officer the limited *306 authority to enter a dwelling in which the subject of the arrest warrant lives when there is reason to believe that he is within (see Payton v New York, 445 US 573, 603 [1980]; see also People v Murray, 267 AD2d 492, 494 [3d Dept 1999]).
As a preliminary matter, there is no indication that the officer possessed a search warrant in addition to the arrest warrant for Middleton, which is significant, because if the apartment was not Middleton’s dwelling, but rather that of a third party, an arrest warrant alone would not have authorized the police officer’s entry.[2] In order to demand entry to the dwelling of a third party to execute an arrest warrant for Middleton, the officer must have additionally possessed a search warrant (see CPL 120.80 [4]; Steagald v United States, 451 US 204 [1981]; People v Cabral, 147 Misc 2d 1000 [1990]). Without a search warrant, an officer may only permissibly enter the dwelling of a third party in order to execute an arrest warrant either with the consent of an authorized party or under exigent circumstances (see Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 690.05). There are no exigent circumstances alluded to in the accusatory instrument. Additionally, it is clear that consent to enter the apartment was withheld from the fact that the apartment’s occupants declined to open the door when ordered to do so by the deponent officer.
The instant accusatory instrument does not state to whom the premises, presumably a dwelling, belong. It is not clear from the face of the information whether the dwelling belongs to the subject of the arrest warrant, Edward Middleton; or to the defendant; or to one of the two other separately charged individuals; or to some other unnamed individual. Thus, by failing to allege that the dwelling where the officer attempted to execute the arrest warrant was the dwelling of the subject of such warrant, the accusatory instrument does not adequately plead that the alleged governmental or official function was authorized. Armed only with an arrest warrant for Middleton, and without a search warrant or exigent circumstances, the deponent officer had no authority to demand entry to any dwelling other than that of Middleton (see Payton v New York, 445 US 573 [1980]; *307 see also People v Murray, 267 AD2d 492 [3d Dept 1999]). If the police officer’s demand for entry into the apartment was not authorized, then defendant’s refusal to open the door cannot be the predicate for a charge of obstructing governmental administration.
Even if it were reasonable to infer from the facts alleged that the apartment was Middleton’s dwelling and that the police officer’s demand for entry was authorized on that basis,[3] nevertheless, there are no facts which support the conclusion that defendant intended to obstruct the administration of law or governmental function or to prevent the officer’s performance of an official function when he did not open the door, because the accusatory instrument fails to allege that the officer announced his purpose and authority prior to entry.
Pursuant to CPL 120.80 (4), prior to entering premises in order to effectuate an arrest warrant, the police officer must give, or make reasonable effort to give, notice of his purpose and authority.[4] If the officer is not admitted after giving such notice, he may enter such premises “by a breaking if necessary.” (CPL 120.80 [5].) The rationale for this “knock and announce” procedure is to provide the occupant of the premises with the opportunity to admit the police officer and thus obviate the need for a forcible entry (People v Barnhill, 34 AD3d 933 [3d Dept 2006], Iv denied 8 NY3d 843 [2007]). By inference, the occupant of the premises is obligated to admit the police officer who has announced his purpose and authority to execute a lawful arrest warrant therein.
Assuming arguendo that the allegations adequately establish that the dwelling was Middleton’s, and that the officer complied with the statutory requirements by announcing his authority and purpose, the defendant, as an occupant in the apartment at the time the warrant was executed, would have been obligated *308 to admit him. The defendant’s proprietary status to the apartment is irrelevant to this determination, inasmuch as there is no authority for the proposition that only an owner or lessee of premises is obligated to admit a police officer pursuant to his lawful execution of a search or arrest warrant based upon probable cause. However, the instant accusatory instrument does not allege that the deponent police officer announced his purpose and authority as required by statute. Rather, the factual allegations simply state that the deponent officer knocked on the door of the apartment and ordered the occupants to open the door. This court will not assume that because the factual allegations state that the deponent officer went to the premises “to execute a warrant for Edward Middleton” that the officer followed the statutorily prescribed procedures for executing that warrant by announcing his purpose and authority. Accordingly, there are no factual allegations to support an inference that defendant intended to interfere with the execution of the warrant.
Moreover, even if it were possible to infer that the officer executing the warrant must have identified himself as a police officer from the fact that he issued an order, it would nevertheless be mere speculation to conclude that the officer took the additional step of announcing his purpose to execute an arrest warrant. Accordingly, without any facts whatsoever to establish that the defendant knew that the police officer was there to execute an arrest warrant, or any circumstances to support an inference, it is impossible to ascribe to the defendant the requisite intent for obstructing governmental administration, even at the lower level of proof required for facial sufficiency.
If the deponent officer did not tell the occupants of the apartment that he had an arrest warrant, they would have no reason to believe that his request for entry was any more than just that — a request. From the perspective of the defendant, the officer’s failure to announce his purpose and authority was equivalent to a demand for entry without a warrant. If the defendant lived in the apartment, he would be entitled to withhold consent to a warrantless entry by police (see Georgia v Randolph, 547 US 103 [2006]). If the defendant was a guest in the apartment, his authority to consent to police entry without a warrant would depend upon the nature and length of his stay in the apartment (see People v Lewis, 277 AD2d 1010 [4th Dept 2000]). His right to refuse admittance to police officers into the dwelling is a different matter, however. It is beyond dispute that a person’s *309 home is entitled to special protection as the center of his private life (see Georgia v Randolph, 547 US 103, 115 [2006], citing Minnesota v Carter, 525 US 83 [1998, Kennedy, J., concurring]). Entry into a person’s home without a warrant presumptively violates the Fourth Amendment proscription against unreasonable searches and seizures (see Payton v New York, 445 US 573 [1980]). The “poorest man may in his cottage bid defiance to all the forces of the Crown” (see Georgia v Randolph, 547 US 103, 115 [2006], quoting Miller v United States, 357 US 301, 307 [1958]). Even when police officers exercise their right to request information in a street encounter, an ordinary citizen may decline to answer questions and walk away (People v Howard, 50 NY2d 583 [1980]). Regardless of his status as guest rather than tenant, an invitee in a private dwelling should be no less able to choose not to answer the door when the police seek entry without a warrant.
Without an allegation that the deponent officer announced his purpose and authority prior to ordering the defendant to open the door, it cannot be said that the defendant knew that the officer had the purpose and authority to execute a warrant. Without knowledge that the police officer possessed a warrant for entry, the defendant would have had no reason to believe himself obligated to open the door. Indeed, the defendant may have reasonably believed himself entitled to exclude the officer. Knowledge of the police officer’s purpose and authority is necessary therefore to infer that the defendant intended to obstruct, impair or pervert the administration of law or governmental function, or intended to prevent a public servant from performing an official function.
Therefore, the present information fails to establish by non-hearsay factual allegations a prima facie case of the offense of obstructing governmental administration in the second degree under Penal Law § 195.05. Accordingly the defendant’s motion to dismiss for facial insufficiency is granted.

. While this court agrees that the intent element of the offense has not been adequately pleaded, the issue of defendant’s dominion and control over the premises is inapplicable to an analysis of the facial insufficiency of this charge.

. While both an arrest warrant and search warrant subject the probable cause determination of the police to judicial review, the interests protected by each differ. An arrest warrant serves to protect an individual from an unreasonable seizure. A search warrant protects an individual’s reasonable expectation of privacy in a particular place or thing (Steagald v United States, 451 US 204 [1981]; People v Cabral, 147 Mise 2d 1000 [1990]).

. The court notes that under Payton in order to execute an arrest warrant for an individual in his home, the police also must have reason to believe the defendant will be found there at the time the warrant is executed. In this court’s opinion, although proof of the officer’s reasonable belief would be required at trial to prove beyond a reasonable doubt that the governmental or official function was authorized, for pleading purposes no such factual allegation is required.

. The exceptions provided to this notice requirement are where there is reasonable cause to believe that the giving of such notice will result in either the defendant’s escape or attempted escape, the endangering of the life or safety of the officer or another person, or the destruction, damaging or secretion of material evidence. There are no such factual allegations here.