OPINION OF THE COURT
Per Curiam.
Judgment of conviction, rendered July 12, 2006, reversed, on the law, plea vacated, information dismissed, and surcharge remitted.
Defendant’s pre-plea motion to dismiss the information as jurisdictionally defective should have been granted, since the information did not set forth “nonhearsay allegations which, if true, establish every element of the offense[s] charged and the defendant’s commission thereof’ (People v Henderson, 92 NY2d 677, 679 [1999]; see CPL 100.40 [1] [c]). Fatal to the information insofar as it charged defendant with attempted criminal possession of a controlled substance in the seventh degree (Penal Law §§ 110.00, 220.03) was the absence of a sworn police statement identifying “[the] particular type of illegal drug” that defendant allegedly attempted to possess (People v Kalin, 12 NY3d 225, 231 [2009]). Insufficient in this regard were the elliptical allegations that police “recovered the same type of substance that defendant purchased” from a “separately charged” codefendant and that the substance recovered from the codefendant “is in fact what it is alleged to be,” particularly given the police affiant’s conspicuous and unexplained failure to describe or identify the substance said to have been recovered from the co-defendant.
Nor did the information make out a prima facie case of either second degree obstructing governmental administration (Penal Law § 195.05) or attempted tampering with physical evi *58 dence (Penal Law §§ 110.00, 215.40 [2]), since it failed to allege evidentiary facts tending to support a finding that defendant’s actions in allegedly “snort[ing]” the unidentified object were intended to interfere with an official police function or to prevent the use of evidence. The information contained no allegations from which it could reasonably be inferred that defendant was aware of the police surveillance or presence at the scene at any time before allegedly inhaling the vaguely described object (see People v Rodriquez, 19 Misc 3d 302 [2008]; cf. People v Mercedes, 194 Misc 2d 731 [2003] [information alleged that defendant concealed and mutilated marijuana cigar upon police approach]).
McKeon, EJ., and Heitler, J., concur.